UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>COUY GRIFFIN,<br><br>Defendant. | Case No. 21-mj-00092-ZMF |

## ORDER

### I. BACKGROUND

The defendant has been charged by complaint with Unlawful Entry in violation of 18 U.S.C. § 1752(a). *See* ECF No. 1 (Compl.).

On January 17, 2021, law enforcement arrested the defendant. The defendant refused to take a COVID-19 test upon his admission to the jail. Doing so forced authorities to place the defendant in 14-day isolation to protect the prison population and staff from the risk of exposure.

On January 21, 2021, the undersigned attempted to conduct an initial appearance hearing pursuant to Rule 5 for the Federal Rules of Criminal Procedure. *See* Minute Entry, Jan. 1, 2021. Jail staff provided the defendant with a headset to participate in this hearing remotely. The defendant refused to participate in the hearing and stated on the record that he did not wish to speak with the judge. Although not yet formally appointed, Mr. Smith requested that the defendant's presence be waived for the hearing. However, the Court refused to hold the hearing without the defendant.

Ultimately, Mr. Smith agreed with the government that the Rule 5 hearing should be continued to February 1, 2021, which was past the 14-day isolation window. The Court offered to facilitate a call between the defendant and Mr. Smith in the interim, as Mr. Smith had not yet spoken with the defendant.

On January 25, 2021, an attorney for the D.C. jail informed the Court that they attempted to set up a call with the defendant and Mr. Smith that day. During the call, the defendant refused to speak to Mr. Smith. The defendant then yelled at the officer who attempted to assist with the call and began banging on his cell door.

On January 27, 2021, Mr. Smith filed a motion for the release of the defendant. *See* ECF No. 5. The motion indicates the defendant was suffering from difficult conditions in isolation. *See id.* at 15.

A Rule 5 hearing remains on the docket for February 1, 2021.

## II. ANALYSIS

### A. Presence of the Defendant

#### 1. Federal Rule of Criminal Procedure 43

Rule 43 states that "the defendant must be present at . . . the initial appearance, the initial arraignment, and the plea." Fed. R. Crim. P. 43(a). "The presence requirement is couched in mandatory language—'the defendant *must* be present.'" *United States v. Bethea*, 888 F.3d 864, 866 (7th Cir. 2018).

2. Due Process Right

There is also a "constitutional right to be present," which stems from "the Due Process Clauses of the Fifth and Fourteenth Amendments and applies at 'any stage of the criminal proceeding that is critical to its outcome,' if the defendant's 'presence would contribute to the fairness of the procedure.'" Charles Alan Wright & Arthur R. Miller, 3B Fed. Prac. & Proc. § 721, Defendant's Right to Be Present (4th ed.) (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)).

The initial appearance is a critical stage of the criminal proceedings. There, a judge advises the defendant of his Fifth Amendment right to remain silent and Sixth Amendment right to counsel. Fed. R. Crim. P. 5. "Without the presence of the defendant [at an initial appearance], the court cannot know with certainty that the defendant has been apprised of [these constitutional rights]," *In re United States*, 784 F.2d 1062, 1063 (11th Cir. 1986). "[A] fair and just [initial appearance] would be thwarted by [the defendant's] absence," *Snyder v. Com. of Mass.*, 291 U.S. 97, 108 (1934), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964). "The costs of delay [do not] outweigh the interests of the defendant and society in having the defendant present" at his initial appearance. *Crosby v. United States*, 506 U.S. 255, 261 (1993).

B. <u>Waiver</u>

1. Federal Rule of Criminal Procedure 43

Rule 43(c) provides limited instances in which a defendant may waive his presence. No such exception covers an initial appearance. In fact, any waiver even at trial still requires that the defendant was "initially present." Fed. R. Crim. P. 43(c). To go forward without the defendant's presence at the initial appearance is no more possible than building a home without a foundation.

2. Due Process Right

"[C]ourts indulge every reasonable presumption against waiver of fundamental constitutional rights and [] we do not presume acquiescence in the loss of fundamental rights."

*United States v. Gordon*, 829 F.2d 119, 125 (D.C. Cir. 1987) (internal quotation marks and citation omitted). "Where the defendant is in custody, the serious and weighty responsibility of determining whether he wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make an intelligent and competent waiver." *Id.* "The slight additional burden on the criminal justice process wrought by a personal waiver requirement is more than offset by avoidance of lengthy appeals to determine whether the defendant's right to presence has been violated." *Id.* "Further, [] an on-the-record-waiver [is] desirable because in its absence it is difficult, if not impossible, to determine whether the defendant has knowingly and intelligently relinquished a known right." *Id.* at 126. No such on-the-record-waiver exists here as to the defendant's constitutional right to be present.

### III.   CONCLUSION

The defendant shall appear via phone or video on February 1, 2021 for his initial appearance. Neither he nor his counsel may waive this right. This matter will not move forward to a detention hearing until the defendant appears. Failure to comply with such order may result in a finding of contempt. *See* 28 U.S.C. § 636(e)(2).

It bears repeating that the defendant "holds the keys to his [imprisonment in isolation] analogous to the civil contempt prisoner." *Colson v. Joyce*, 646 F. Supp. 102, 107 (D. Me. 1986). Simply taking a COVID-19 test, something hundreds of millions of people have safely done across the world, will allow the defendant to exit isolation.

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE