AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.   21-mj-92 (ZMF) |
| Couy Griffin ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❏ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❏ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
❏ Subject to lengthy period of incarceration if convicted
❏ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❐ History of violence or use of weapons
- ❐ History of alcohol or substance abuse
- ❐ Lack of stable employment
- ❐ Lack of stable residence
- ❐ Lack of financially responsible sureties
- ❐ Lack of significant community or family ties to this district
- ❐ Significant family or other ties outside the United States
- ❐ Lack of legal status in the United States
- ❐ Subject to removal or deportation after serving any period of incarceration
- ❐ Prior failure to appear in court as ordered
- ❐ Prior attempt(s) to evade law enforcement
- ❐ Use of alias(es) or false documents
- ❐ Background information unknown or unverified
- ❐ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

Mr. Griffin stated that he has a family, gainful employment, and constituents whom he serves as an elected county official in New Mexico. Mr. Griffin asserted that his criminal record involving a 25-year-old DUI is insignificant. Additionally, Mr. Griffin made three main arguments. First, he challenged the use of his statements cited by the government as grounds for detention. Mr. Griffin argued that his statements are protected under the First Amendment and that the Court is barred from considering them in a pretrial release decision. *United States v. Lemon*, 723 F.2d 922, 928 (D.C. Cir. 1983). Mr. Griffin also argued that the statements offer no evidence of serious risk of flight or obstruction of justice. Mr. Griffin did not bring firearms to Washington, D.C., and the second rally he alluded to never occurred. Second, Mr. Griffin argued that the government did not sufficiently allege the requisite mens rea because it did not particularly allege his knowledge with respect to the statutory definition of "restricted buildings or grounds." § 1752(a)(1), (c)(1). Finally, Mr. Griffin asserted that he respects the authority of this Court and its power to impose conditions on his release. Mr. Griffin noted that the government does not allege his involvement in any organized attempt to overthrow the government, and defendants charged with misdemeanors arising out of the Capitol incident have often received pretrial release.

Nature and circumstances of offense(s):

This factor weighs heavily in favor of detention. As Chief Judge Howell noted in *United States v. Barnett*, the title of the offense does not "properly capture the scope of what [Mr. Griffin] is accused of doing here." The alleged offense is associated with an organized attempt to stop lawful, democratic processes. That Mr. Griffin left the Capitol area when asked does not mitigate the nature of the alleged offense, as entry itself establishes the crime. Mr. Griffin's actions and statements surrounding the alleged offense provide evidence of his state of mind. Mr. Griffin traveled to D.C. to forcibly prevent the certification of the 2020 presidential election, stating he wanted to stop the election from being "stolen." Mr. Griffin breached the barricades surrounding the Capitol, entering a "posted, cordoned off, or otherwise restricted area . . . of a building or grounds where [a] person protected by the Secret Service"—the Vice President—was located. 18 U.S.C. § 1752(c)(1)(C). That day, Mr. Griffin stated that if there were another rally at the Capitol on January 20, it would be a "sad day, because there's gonna be blood running out of that building." Mr. Griffin confirmed to a TV reporter that these statements were threats against government leaders. Threats are not protected under the First Amendment. Mr. Griffin understood the national significance of the certification process and that the Vice President was involved.

The strength of the government's evidence:

The government's evidence is strong and weighs in favor of detention. "[W]here the evidence of guilt is stronger, the defendant is more likely to flee." *United States v. Kent*, No. 20-cr-209, 2020 WL 7353049, at *4 (D.D.C. Oct. 26, 2020), aff'd (Nov. 5, 2020). Mr. Griffin admitted that he passed a barricade surrounding the Capitol building during the incident. Mr. Griffin later described the fencing around the Capitol and understood it was intended delineate between permissible First Amendment space and restricted space. The government obtained video evidence of Mr. Griffin on the west front of the steps to the U.S. Capitol, past the line of fencing and barricades. Mr. Griffin boasted that he "climbed up on top of the Capitol building" during the incident.

The defendant's history and characteristics, including criminal history:

Mr. Griffin is an elected official in his home county, which inures to his benefit. The court recognizes that he has a life in New Mexico and that he has little criminal history. Nevertheless, Mr. Griffin has demonstrated disrespect for the lawful authority of the U.S. government, weighing heavily in favor of detention. Mr. Griffin twice left New Mexico to travel to Washington, D.C. The first time, he participated in an attempt to disrupt the lawful, democratic process of certifying the results of the 2020 Presidential Election. Mr. Griffin repeatedly denied the legitimacy of the election's outcome. Mr. Griffin made unprotected, threatening statements about returning to Washington on January 20 to rally at the Capitol, which he said would lead to "blood running out of that building." The second time, Mr. Griffin acted on these statements and returned to the Capitol area. That the rally never occurred does not inure to his benefit, because the government's military presence prevented it. Mr. Griffin's insurrectionist conduct has been building to a crescendo, as he previously stated "the only good democrat is a dead democrat."

The defendant's dangerousness/risk of flight:

Consideration of dangerousness does not fit squarely with an analysis of detention based on serious risk of flight or risk of obstruction of justice. Mr. Griffin has repeatedly denied the legitimacy of the U.S. government, shown disdain for its officials, and indicated a lack of respect for the rule of law. The mere fact that he has not expressed such disrespect for the judicial branch does not detract from these findings. The evidence overwhelmingly suggests that Mr. Griffin would not respect the authority of this Court as a branch of the same U.S. government that he has disrespected and denied. Therefore, there is no combination of conditions that would reasonably assure his appearance. For the same reasons, Mr. Griffin poses a risk of obstruction of justice. He has already threatened two Congressmembers, both of whom are witnesses/victims in this case. Mr. Griffin's brazen disrespect for legal authority favors detention to ensure he does not interfere with potential witnesses or jurors.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 02/03/2021                    2021.02.03 15:53:36 -05'00'

United States Magistrate Judge