UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:21-mj-92 |
| COUY GRIFFIN, | ) |
| | ) **District Judge Beryl A. Howell** |
| Defendant. | ) |

**DEFENDANT GRIFFIN'S REPLY IN SUPPORT OF MOTION TO REVOKE PRETRIAL DETENTION ORDER**

Defendant Couy Griffin, through his attorneys, submits this brief reply to the government's opposition to his motion to revoke the pretrial detention order entered on February 1, 2021.

In its opposition, the government does not contest that it is impermissible in this Circuit to deny bail on the basis of political speech protected by the First Amendment to the Constitution. It does not assert that Mr. Griffin's three inflammatory statements on which it relies are not protected speech under *Brandenburg v. Ohio*, 395 U.S. 444 (1969) and its progeny. The government does not contend that Mr. Griffin has ever committed, attempted, or planned to commit any act of violence in connection with the 2020 election or any other episode.

The government argues that *Williamson v. United States*, 184 F.2d 280 (2d Cir. 1950), is distinguishable because the speech in that case "d[id] not contain any advocacy of violent overthrow of the Government and can only be said to be inciting as all opposition speaking or writing that undermines confidence and increases discontent may be said to be incitement." Gov't Opp., p. 8 (quoting *Williamson*). The distinction misses the mark for two reasons. In the

1

first place, although the government repeatedly asserts that Mr. Griffin "advocated violence to prevent the peaceful transfer of power," *id.*, it has proffered no evidence to support that claim. None of the three inflammatory statements cited by the government supports that allegation. To the contrary, Mr. Griffin advised Special Agents on multiple occasions he did not advocate violence and publicly praised the FBI's efforts. Exh. 1, 3, 4. And after all, the government has charged him with a misdemeanor trespass.

Second, Mr. Griffin does not cite *Williamson* for Justice Jackson's understanding of incitement when the case was decided in 1950. The modern standard for protected speech in this context is the later-decided *Brandenburg*. Instead, Mr. Griffin cites *Williamson* for Justice Jackson's bail-related proposition that,

> If the Government cannot get at these utterances by direct prosecution, it is hard to see how courts can justifiably reach and stop them by indirection. I think courts should not utilize their discretionary powers to coerce men to forgo conduct as to which the Bill of Rights leaves them free . . .
>
> If the courts embark upon the practice of granting or withholding discretionary privileges or procedural advantages because of expressions or attitudes of a political nature, it is not difficult to see that within the limits of its logic the precedent could be carried to extremities to suppress or disadvantage political opposition . . .

184 F.2d at 284.

The government states that, while incarcerated, Mr. Griffin has refused to submit to a Covid-19 test and "refused to speak with the court" during an initial appearance on January 21. Gov't Opp., p. 2. That representation is incomplete and inaccurate. As Mr. Griffin explained to the magistrate judge on February 1, he did not "refuse to speak with the court." Exh. 2, p. 17. When correctional officers holding a mobile phone approached Mr. Griffin in his cell, they were wearing masks, and the defendant could not hear what they were saying. He did not understand

2

the magistrate judge was attempting to speak to him. Exh. 2, p. 17. As for a Covid-19 test, Mr. Griffin has taken one. *Id.*, p. 16. As the government is insisting that Mr. Griffin remain exposed to Covid-19 in jail for months as he awaits trial when thousands of inmates convicted of far more serious crimes are being released on account of that exposure across the country, it is not clear what point the government is trying to make about the defendant's Covid-19 testing.

Finally, the government does not contest that the magistrate judge did not articulate how or why Mr. Griffin's political beliefs would somehow frustrate all combinations of conditions to assure his appearance, or that the magistrate judge did not consider any specific conditions, such as those recommended by Pretrial Services.

Mr. Griffin is charged with a misdemeanor trespassing offense, not the attempted violent overthrow of government. Every day courts in this country find some conditions of release that will assure the appearance even of those accused of extremely violent crimes or those with few ties to the country. Mr. Griffin's is a far easier case.

Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Appointed by the Court*

Nicholas D. Smith, VA Bar No. 79745
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

**Certificate of Service**

I hereby certify that on the 4th day of February, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>JANANI IYENGAR
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, D.C. Bar No. 403068
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com
>*Appointed by the Court*