UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | ) Case No. 1:21-cr-92 <br> ) |
| COUY GRIFFIN, | ) **Judge Trevor N. McFadden** <br> ) |
| Defendant. | ) <br> ) |

**DEFENDANT GRIFFIN'S MOTION TO COMPEL THE PRODUCTION OF EVIDENCE, OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

Defendant Couy Griffin, through his attorneys, files this motion to compel the production of narrow categories of readily obtainable evidence that would advance the resolution of this matter. Fed. R. Crim. P. 16(a)(1)(E). Asked to produce this evidence pursuant to Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), the government immediately indicated that it could not offer any timeline as to when such documents and records would be produced. By compelling this limited, well-defined production on a reasonable timeline, the Court would reap significant efficiencies in this case. In the alternative, the Court should order the government to file a limited bill of particulars that would accomplish the same goal of defining the scope of the case before trial.

I. **Section 1752 offenses and the documents and records at issue**

    A. **Elements of a Section 1752 offense and the charges here**

As Griffin has noted elsewhere, the criminal statute under which he has been charged, 18 U.S.C. § 1752, is not a general federal trespass statute. Instead, it concerns the entry by a defendant into an area restricted for the protection of Secret Service protectees. In relevant part, Section 1752 criminalizes "knowingly enter[ing] or remain[ing] in any restricted building or

1

grounds without lawful authority to do so." 18 U.S.C. § 1752(a)(1). In turn, "restricted building or grounds" is statutorily defined. "In . . . Section [1752]—

> (1) the term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area—
>
> (A) of the White House or its grounds, or the Vice President's official residence or its grounds;
>
> (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or
>
> (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance;

18 U.S.C. § 1752(c)(1).

The Court will notice several things about this definition. First, it will notice that the first two subparts of Section 1752(c) concern individuals protected by the United States Secret Service. In subpart (A) those individuals are the President (at the White House) and the Vice President (at his or her official residence). In subpart (B) the individual protected by the Secret Service is the President or "other person protected by the Secret Service."[1] Congressmen and Senators are not protected by the Secret Service. *See* United States Secret Service, Frequently Asked Questions, available at: rb.gy/rb8ip6. Protection of Congressmen and Senators is the role of a separate federal agency, the United States Capitol Police. The U.S. Capitol Police do not provide for the protection of Secret Service protectees. *See* United States Capitol Police: Our Mission, available at: https://www.uscp.gov/.

The final Section 1752(c) subpart concerns "a building or grounds so restricted in conjunction with an event designated as a special event of national significance." As Griffin has

---

[1] The term "other person protected by the Secret Service" is also statutorily defined. It means "any person whom the United States Secret Service is authorized to protect under section 3056 of this title or by Presidential Memorandum, when such person has not declined such protection." 18 U.S.C. § 1752(c)(2).

noted elsewhere, "designation" in this subpart refers to a specific federal agency process. As a Congressional Research Service note describes it, "Major federal government or public events that are considered to be nationally significant may be designated by the President—or his representative, the Secretary of the Department of Homeland Security (DHS)—as National Special Security Events (NSSE). P.L. 106-544 designated the U.S. Secret Service as the lead federal agency responsible for coordinating, planning, exercising and implementing security for NSSEs." National Special Security Events: Fact Sheet, Jan. 11, 2021, p. 1, Congressional Research Service, available at: https://fas.org/sgp/crs/homesec/R43522.pdf. Accordingly, the Court will notice that all three subparts of 18 U.S.C. § 1752(c)(1) concern decision-making authority or action by the Secret Service.

As CRS indicates, "The joint session of Congress that met at the U.S. Capitol on January 6, 2021, to open, certify, and count the November 2020 presidential election votes was not designated an NSSE." *Id.*

In this case, the criminal complaint stated that, on January 6, "Restrictions around the U.S. Capitol include[d] permanent and temporary security barriers and posts manned by U.S. Capitol Police. On January 6, 2021, permanent and temporary security barriers were in place to separate areas where lawful first amendment activity could be conducted from areas restricted both to prevent any adverse impact on the legislative process and to safeguard and prevent and [sic] property damage directed at the U.S. Capitol and West Front Inauguration Platform. Compl., ECF No. 1-1, p. 1. The complaint added, "U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside." *Id.*, p. 2.

"[A]t approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed." Compl., p. 3.

The complaint, upon which the later-filed Information is based, charged that Griffin violated 18 U.S.C. § 1752(a)(1) by walking on the "west front of the U.S. Capitol steps, well within the restricted area." Compl., p. 4. The complaint displays a picture of Griffin standing on the steps. *Id.* Though the complaint and Information do not define "restricted area," they imply that the "restricted area" is any area on the wrong side of a barricade, or law enforcement presence, established by the U.S. Capitol Police. Compl., pp. 3-4; Information, ECF No. 14, p. 1. The charging instruments do not allege any "any posted, cordoned off, or otherwise restricted area," 18 U.S.C. § 1752(c), established by the Secret Service. They do not allege Griffin entered or remained in" such an "area." 18 U.S.C. § 1752(a)(1).

B.   **The discovery dispute**

On April 8, the parties met and conferred regarding discovery production, following the Court's order to do so on April 7. Griffin's counsel indicated that resolution of this matter may be significantly expedited by the production of a specific and narrow set of documents and records.

Specifically, Griffin's counsel inquired of the government whether, under 18 U.S.C. § 1752(c)(1)(B), the "restricted building or grounds. . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting" is

4

established by the Secret Service or some other federal agency. Griffin stated his statutory understanding that the "restricted building or grounds" is so restricted by the federal agency that is specifically referenced in § 1752(c)(1)(B), i.e., the Secret Service. The government indicated that it did not agree. Rather, the government appeared to adopt the position that the "restricted building or grounds" may be so restricted by any federal agency, including the U.S. Capitol Police, though the government agreed that the U.S. Capitol Police are charged with security for Congress, not Secret Service protectees.

Given that disagreement, Griffin made a request, pursuant to Rule 16(a)(1)(E), and *Brady*, for production of documents and records indicating whether, and to what extent, the Secret Service directed the placement of the U.S. Capitol Police barricades the crossing of which the government contends renders Griffin liable under § 1752(c)(1)(A). During the same conversation—and without asking for time to research the question—the government responded that it could already say that it would neither be able to produce such records, nor confirm their nonexistence, on any set timeline.

Second, Griffin inquired of the government whether it agreed that, on January 6, the joint session of Congress was not "a building or grounds so restricted in conjunction with an event designated as a special event of national significance," 18 U.S.C. § 1752(c)(1)(C), because DHS did not so designate the event. The government responded that it disagreed. Griffin inquired whether the government agreed that the reference to "designat[ion]" means that a federal agency must designate the "special event of national significance," and if so, which agency that was in the government's theory of the case. The government appeared to respond that no federal agency is required to "designate" the "special event of national significance" under 18 U.S.C. § 1752(c)(1)(C).

5

Given that disagreement, Griffin made a request, pursuant to Rule 16(a)(1)(E), and *Brady*, for production of documents and records indicating whether any federal agency "designated" the joint session of Congress on January 6 as a "special event of national significance" under 18 U.S.C. § 1752(c)(1)(C).  During the same conversation, and without asking for time to research the question, the government responded that it could already say that it would neither be able to produce such records, or confirm their nonexistence, on any set timeline.

## II.   Argument

### A.   Standard for a motion to compel records pursuant to Rule 16(a)(1)(E) and *Brady*

Rule 16 provides that "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

As this Court has noted on many occasions, "the government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16.  Nor may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. Safavian*, 223 F.R.D. 12, 15 (D.D.C. 2005).  Moreover, "burdensomeness and logistical difficulty . . . cannot drive the decision whether items are 'material' to preparation of the defense.  Nor can concerns

6

about confidentiality and privacy rights of others trump the right of one charged with a crime to present a fair defense." *United States v. O'Keefe*, 2007 U.S. Dist. LEXIS 31053, *4 (D.D.C. Apr. 27, 2007); *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (materiality standard "is not a heavy burden"; evidence material if there is indication that it may play an "important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal").

The material discoverable under Rule 16(a)(1)(E) is also discoverable on a *timely* basis. As Judge Sentelle said for the D.C. Circuit in *United States v. Mashall*, 132 F.3d 63, 67 (D.C. Cir. 1998), Rule 16(a)(1)(E) covers evidence that is "material to *the preparation* of the defendant's defense" (internal quotation marks omitted) (emphasis original).  This is even more true of material that tends to exculpate the defendant, i.e., *Brady* material.  Under Local Rule 5.1, "*Beginning at the defendant's arraignment* and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose [*Brady* material] to the defense *as soon as reasonably possible after its existence is known*, so as to enable the defense to make effective use of the disclosed information in the preparation of its case." LCrR 5.1 (emphasis added). The Rule also states that "The Court may set specific timelines for disclosure of any information encompassed by this rule." LCrR 5.1(f).  This Local Rule was prompted and statutorily undergirded by the Due Process Protections Act, P.L. No. 116-182 (10/21/2020), which is enforced in this case by Court Order. 3/11/2021 Minute Order.

### B.      Standard for a bill of particulars

The court may direct the government to file a bill of particulars.  Fed. R. Crim. P. 7(f). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a

7

defense, and perhaps also to be protected against retrial on the same charges." *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 73 (D.D.C. 2019) (internal quotation marks omitted). The defendant may move for a bill of particulars at any time with Court permission. Fed. R. Crim. P. 7(f).

A bill of particulars is appropriate for identifying the specific acts a defendant allegedly took to commit the offense, where the indictment fails to allege them or does so vaguely. *United States v. Ramirez*, 54 F Supp. 2d 25, 90 (D.D.C. 1999) (government required to provide particulars as to all overt acts in which any defendant participated so that each defendant may understand the government's view of his alleged role in the conspiracy); *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) (government ordered to identify specific overt acts of defendants); *United States v. Brown*, 2007 U.S. Dist. LEXIS 49169, *45 (D.D.C. July 9, 2007) (ordering government to identify in bill of particulars "specific alleged actions and specifically worded false statements on which the government shall rely in proving its case"); *United States v. Siddiqi*, 2007 U.S. Dist. LEXIS 15410, *8 (S.D.N.Y. Feb. 21, 2007) (bill of particulars must specify the dates and amounts of bribes defendant allegedly paid); *United States v. Palfrey*, 499 F. Supp. 2d 34, 51-52 (D.D.C. 2007) (requiring government to identify proceeds allegedly used in support of criminal enterprise so defendant does not "waste precious pre-trial preparation guessing what data . . . will be relevant to [the] defense"); *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) ("[T]he indictment fails to state which specific documents were fraudulent, and what was allegedly fraudulent about the documents at issue. Defendant must also be put on notice as to the specific dates of the allegations, the documents, and what the false statements were within the documents."); *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001) (ordering government in health care fraud case to identify

in a bill of particulars the specific false entries in physician's records and specific fraudulent bills to insurers); *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) ("A defendant faced with false statement charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information); *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (granting in part a motion for a bill of particulars "as it relates to the defendant's request for the basis of the government's allegations that the defendant solicited and received things of value for and because of official acts performed and to be performed by defendant"); *United States v. Royal Caribbean Cruises, Ltd.*, 24 F. Supp. 2d 155 (D.P.R. 1997) (mandating that the government notify the defendants of the specific proceeding that was obstructed); *United States v. McGuinness*, 764 F. Supp. 888, 892-94 (S.D.N.Y. 1991) (holding that government must provide defendant bill of particulars listing approximate date and amount of payments allegedly made in violation of Taft-Hartley Act); *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (reversing conviction for failure to require a bill of particulars setting forth specific staged burglaries and specific insurance claims alleged to be false); *United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979); *United States v. Baker*, 262 F. Supp. 657, 674 (D.D.C. 1966) (granting the tax defendant's motion for a bill of particulars "specify[ing] the statements and/or acts by which defendant is claimed to have aided, assisted in, counseled, procured, or advised the preparation and presentation" of the false tax return).

### C. The Court should compel production of two narrow categories of evidence

Griffin has shown that there is a statutory dispute between the parties on the interpretation of 18 U.S.C. § 1752(c)(1)(B) and § 1752(c)(1)(C). If Griffin's interpretation is correct, then the below categories of documents and records would go to exonerate him:

- documents and records indicating whether, and to what extent, the Secret Service directed the placement of the U.S. Capitol Police barricades the crossing of which the government contends renders Griffin liable under § 1752(c)(1)(A); and

- documents and records indicating whether any federal agency "designated" the joint session of Congress on January 6 as a "special event of national significance" under 18 U.S.C. § 1752(c)(1)(C).

These are exceptionally narrow, targeted requests. The government has given no explanation for why they cannot be produced, or why their nonexistence cannot be confirmed, on any describable timeline. Indeed, the government gave this no-timeline response before it had even made any inquiries to see how quickly the materials could be obtained.

The Court should order them promptly produced, or their nonexistence promptly confirmed. *Safavian*, 223 F.R.D. at 15. At the very least, the Court should order the government to provide some explanation as to why there would be no timeline for production whatsoever.

**D.    Alternatively, the Court should order the government to file a bill of particulars**

If the Court concludes that the government has some reasonable justification for providing no production timeline for the above categories of evidence, it should order the government to provide a bill of particulars identifying the following information:

- Whether Griffin has allegedly violated § 1752(a)(1) because he crossed a U.S. Capitol police barricade per se, or because that barricade was established to demarcate a restricted area set by the Secret Service;

- Whether Griffin has allegedly violated § 1752(a)(1) because the joint session of Congress on January 6 was "designated as a special event of national

significance," § 1752(c)(1)(C), by some specified federal agency, or despite the fact that no agency so designated the joint session.

This bill of particulars is appropriate because it is narrow, targeted and would greatly streamline trial. A trial in which the government has to show Secret Service involvement in the barricades at issue is quite different from one in which the government merely must show the Capitol Police set up the barricade to protect Congress. The Court will reap great efficiencies by requiring the government to explain what its Information really means. And to the extent the government contends that logistical burdens prevent the production of relevant records, that problem would not prevent the government from filing a bill of particulars.

Dated: April 8, 2021                                  Respectfully submitted,

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Appointed by the Court*

Nicholas D. Smith, VA Bar No. 79745
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 722-1096
nds@davidbsmithpllc.com

**Certificate of Service**

I hereby certify that on the 8th day of April, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> JANANI IYENGAR
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Appointed by the Court*