**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal No. 21-CR-92** |
| | : | |
| COUY GRIFFIN, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**
**DISCOVERY AND BILL OF PARTICULARS**

The United States of America respectfully files this response to the Defendant's April 8, 2021, Motion to Compel the Production of Evidence, or, in the Alternative, for a Bill of Particulars.

**I.      The Defendant's Request for Discovery**

The Defendant argues in his motion that, under 18 U.S.C. § 1752(c)(1)(B), the government is required to prove that the Secret Service established the restricted area on the U.S. Capitol grounds on January 6, 2021. This argument conflates two separate provisions in the statute. The statute states in relevant part:

> [T]he term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area—
>
> (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting;

> 18 U.S.C. § 1752(c)(1)(B)

The statute only requires the government to prove that, on January 6, 2021, (1) a Secret Service protectee was present in the Capitol building or on the Capitol grounds and that (2) some portion of the Capitol building and grounds was a posted, cordoned off, or otherwise restricted area. There is no requirement in the statute for the government to prove

that the restricted area was restricted at the direction of the Secret Service.

The evidence the government proffered in its complaint satisfies both provisions of the statute. Vice President Mike Pence and Vice President-Elect Kamala Harris, both Secret Service protectees, were present in the Capitol building at the time of the Defendant's entry onto the Capitol grounds, moving past the United States Capitol Police barriers.[1] *See United States v. Bursey*, 416 F.3d 301 (4th Cir., 2005).

The Defendant does not provide any support for his interpretation of the statute, either in the language of the statute itself, or through prior caselaw on the application of the statute. Therefore, contrary to the Defendant's argument that discovery materials related to whether the Secret Service designated the restricted area constitute *Brady* material, these materials would have no exculpatory or impeachment value to the Defendant. The government does not dispute that these materials could be considered discoverable under Rule 16(a)(1)(E).

At this time, the government cannot provide any more information regarding a timeline for the availability of these materials, as well as the rest of the discovery materials related to the overall Capitol riot investigation. As the government stated at both the April 7, 2021, and March 11, 2021, status hearings, contrary to defense counsel's representations that the government has not disclosed certain discovery materials, the FBI case file related to the Defendant was disclosed on January 21, 2021. Since that date, the government has

---

[1] The government has learned during its investigation that the United States Capitol Police (USCP) is responsible for all barriers placed on the Captiol grounds, as they have exclusive control over those areas. There are standard procedures in place between USCP and the Secret Service to ensure that areas are appropriately restricted when the President or Vice President are visiting.

disclosed the video of the Defendant's interview with the FBI as well as the report from the Defendant's phone extraction. With respect to the other discovery materials in this case related to the overall Capitol riot investigation, they are are voluminous. The government has discovery material relating to hundreds of defendants, materials from multiple law enforcement agencies, and hundreds of hours of video footage and audio recordings. The government is working as quickly as possible to review the materials and produce them to defense counsel, however, the government cannot provide a specific date by which discovery will be available. Moreover, at this time, the government does not have the ability to comb through all the discovery materials for discovery relating to specific issues.

With respect to the Defendant's arguments related to 18 U.S.C. 1752(c)(1)(C), the government is not seeking to argue in this case that the electoral college certification was an event designated as a special event of national significance.

## II.     The Defendant's Request for a Bill of Particulars

The Defendant has requested the government to file a Bill of Particulars related to two issues. The first issue is "[w]hether Griffin has allegedly violated § 1752(a)(1) because he crossed a U.S. Capitol police barricade per se, or because that barricade was established to demarcate a restricted area set by the Secret Service." The government is not making either of those allegations. The government is alleging that the Defendant violated 18 U.S.C. § 1752(a)(1) because he entered an area of the Capitol grounds that was restricted by the Captiol Police while two Secret Service protectees were inside the Captiol building.

The second issue is "[w]hether Griffin has allegedly violated § 1752(a)(1) because the joint session of Congress on January 6 was 'designated as a special event of national

3

significance,' § 1752(c)(1)(C), by some specified federal agency or despite the fact that no agency so designated the joint session." As stated *supra*, the government does not intend to argue at trial that the electoral college certification was designated as a special event of national significance.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: _____/s/_____
Janani Iyengar
Assistant United States Attorney
Bar No. 5225990
555 Fourth Street, N.W., Room 9413
Washington, DC   20530
Janani.iyengar@usdoj.gov
(202) 252-7760