UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr-92 ) |
|  | ) **Judge Trevor N. McFadden** |
| COUY GRIFFIN, | ) ) |
| Defendant. | ) ) |

### DEFENDANT GRIFFIN'S REQUEST FOR ORAL HEARING

Defendant Griffin, through his counsel, files this request for an oral hearing, pursuant to Local Criminal Rule 47(f), on his motion to dismiss the Amended Information. ECF No. 32.

An oral hearing on Griffin's motion would be of assistance in rendering a decision on that motion. First, after the briefing cycle closed it was reported in the news media that a law enforcement official stated that the government's position in at least one other January 6 case is that a charge under 18 U.S.C. § 1752 does not lie where the defendant did not enter the Capitol Building that day. *Feds move to drop charges for Capitol riot defendant*, Politico, June 1, 2021, available at: https://www.politico.com/news/2021/06/01/feds-capitol-riot-defendant-491514. The law enforcement official advised the media that the government construed § 1752 that way "in the interest of consistency in the [January 6] investigation." *Id.* If that official correctly understands the government's interpretation of § 1752, there is a direct conflict between the government's position in that January 6 case and in this one. Such inconsistency bears on Griffin's arguments concerning the arbitrariness of the government's interpretation of § 1752. An oral hearing is needed to determine whether such a conflict exists between the cases.

Second, in briefs submitted to the Court before Griffin's filing of his motion to dismiss, the government alluded to certain records that it said could substantiate its claim that the Secret Service was somehow involved in setting the "restricted area" the government alleges Griffin entered on January 6.  ECF No. 23, p. 2 n. 1.  In addition, in the status conference held on April 27, the Court made a specific request that the government provide some evidence supporting its contention that it possesses records showing the Secret Service's involvement in the setting of "restricted areas" on January 6.  However, the government's opposition to Griffin's motion to dismiss omits any reference to the possible existence of such records and their content.  ECF No. 33.  An oral hearing is needed to eliminate the possibility that the government simply forgot to produce such evidence or neglected to attach it to its response.  An oral hearing would also allow the Court to inquire whether such records exist and if so, whether their content has any bearing on Griffin's motion to dismiss.

Dated: June 13, 2021                                         Respectfully submitted,

**DAVID B. SMITH, PLLC**

*/s/ David B. Smith*
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 722-1096
nds@davidbsmithpllc.com

*Attorneys for Couy Griffin*

### Certificate of Service

I hereby certify that on the 13th day of June, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>JANANI IYENGAR
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, VA Bar No. 25930
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com