

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

June 30, 2021

David B. Smith, Esq.
DAVID B. SMITH, PLLC
108 North Alfred Street, 1st Floor
Alexandria, VA 22314
(703) 548-8935
dbs@davidbsmithpllc.com

      Re:    *United States v. Couy Griffin*
               Case No. 21-mj-00092-ZMF

Dear Counsel:

      Enclosed as discovery in this case **are two zip folders accompanied by an excel spreadsheet and pdf versions of a production index, that have all been uploaded into USAfx.**

      **Summary of Materials Provided.**  As further described in the provided index, the discovery includes PDF scans of interviews, FBI reports, handwritten letters, videos,  photos, and other related paraphernalia.  We have produced evidence seized from your client's cell phone pursuant to a search warrant.  Upon request, we are also willing to make available a copy of the raw collection extracted from the device to counsel for the defendant to whom the device belongs.  **(The "raw collection" is the data collected from a source that has not been subsequently altered or manipulated after collection (e.g., the extraction from a cell phone, the forensic image of a computer, or the data Facebook provided in response to the warrant).**]

      **Manner of Production.**  If this production is being transmitted via USAfx, please be sure to download the entire folder, including all subfolders and files contained within the subfolders exactly as it was provided immediately upon receipt to your own storage media.

This production contains the following:
- A "PDF" folder containing the discovery in searchable PDF format.
- A "NATIVE" folder of documents that cannot be converted to PDFs such as audio/video recordings. Files that could not be converted to PDF will have a "placeholder" in the "PDF" folder that references the native file. You will find the referenced file by navigating to the corresponding Bates number in the NATIVE folder.
- An index of the production, provided in both Excel and Adobe PDF formats.

If you would like this production in load files for creating a document review database (e.g., Relativity) please let me know and we will provide load files.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

**Technical Assistance.** CJA panel counsel and Assistant Federal Public Defenders with technical discovery questions or those who need of assistance managing the discovery in this case can contact Kelly Scribner (kelly_scribner@fd.org) with the Defender Services Office - National Litigation Support Team. While Ms. Scribner is not specifically tasked with assisting retained counsel, she is willing to talk with you about your discovery issues on a limited basis. However, the National Litigation Support Team typically cannot support retained defense counsel as the National Litigation Support Team is funded to assist CJA panel counsel and Federal Public Defender offices appointed through the CJA Act.

**Voluminous Materials.** Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, body worn camera footage, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know of any specific information that you believe is particularly relevant to your client.

**Protective Order.** This material is subject to the terms of the Protective Order issued in this case.

**Timing of Disclosures.** I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

**Reciprocal Discovery.** I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical

or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

**Notice of Defenses.** Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

*/s// Janani Iyengar*
Janani Iyengar
Assistant United States Attorney

Enclosure(s)
cc: Nicholas D. Smith, Esq.
DAVID B. SMITH, PLLC
7 East 20th Street, Suite 4r
New York, NY 10003
nds@davidbsmithpllc.com