UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                            )<br>              v.                                        )   Case No. 1:21-cr-92<br>                                                            )<br>COUY GRIFFIN,                            )   **District Judge Trevor N. McFadden**<br>                                                            )<br>              Defendant.                         )<br>                                                            ) | |

**DEFENDANT GRIFFIN'S RESPONSE TO THE GOVERNMENT'S MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Defendant Griffin, through his counsel, files this brief response to the government's motion for a 60-day continuance under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (STA). ECF No. 44. In the August 9 status conference, the Court held the motion in abeyance and tolled time under the STA from August 9 to September 20, 2021. However, because the government's 20-page motion was filed the morning of the status conference, the Court directed Griffin to submit a formal response. He is grateful for the opportunity, as the government's motion contains information significant to this case and others.

In the August 9 conference, Griffin did not oppose a continuance until September 20. Although he had opposed the government's prior STA continuance motions—*e.g.* ECF No. 18— Griffin advised the Court on August 9 that he had subsequently received a plea offer that he was considering. In that context, the ends of justice were served by giving the parties a month to consider whether a plea agreement could be reached. However, Griffin contests certain of the legal and factual points advanced in the government's 20-page STA motion. If an agreement cannot be reached, Griffin's right to a speedy trial does not yield to the argument that, although the government has identified some potential *Brady* material in Griffin's case (which it has not

1

yet produced), his Sixth Amendment and STA rights cannot be prejudiced until the government can fairly represent that it possesses no additional *Brady* information at the conclusion of an investigation it elects to protract through novel liability theories and expansive use of conspiracy law.  ECF No. 44, p. 12.

First, the government represents that Griffin "believes he has received all of the information he needs to proceed to a trial in this case." ECF No. 44, p. 11.  Griffin has never said that.  Instead, Griffin pointed out that the evidence that the government contends is sufficient to prove its Section 1752 charges has already been produced.  ECF No. 18, pp. 1-2.  Thus, the government's assertion that its case-in-chief, in a federalized trespass matter, was "so unusual" or "so complex" lacked merit.  *Id.* at 7 (citing 18 U.S.C. § 3161(h)(7)(B)(ii)).  Griffin did not state or imply that the simplicity of the government's theory of the case means that it has no duty to produce material showing that his alleged entry into the Section 1752 "restricted area" was lawfully authorized, if such material is within its possession, custody or control.

Second, the following statement is found in the middle of the government's STA motion:

> Although we are aware that we possess some information that the defense may view as supportive of arguments that law enforcement authorized defendants (***including Defendant***) to enter the restricted grounds, e.g., images of officers hugging or fist-bumping rioters, posing for photos with rioters, and moving bike racks, we are not in a position to state whether we have identified ***all such information***.  Pursuant to *Brady* and its progeny, we are required to make available the voluminous data that may contain any similar information for Defendant to review.

ECF No. 44, p. 12 (emphasis added).

This statement is striking.  Although the government represents that it already possesses "some" arguably *Brady* material with respect to Griffin, that information has not yet been

produced to the defense.[1] Griffin inquired about when the government intends to produce the material already in its possession. He clarified that he is requesting rolling productions of such potential *Brady* material. The government responded that it cannot provide a production date to the defense and that it was up to the discovery team. It explained:

> [It is] difficult for us to parse out certain videos for each individual defendant and send them over individually for discovery purposes, so [the government] is going to be making these disclosures on a larger scale.

The Court will notice that the government could simply produce to Griffin all of the potential *Brady* in its possession now, but that it is electing not to do so until the discovery team chooses to make the disclosures "on a larger scale." That is not a decision driven by the time and resources involved in reviewing and organizing "thousands of hours of video footage from multiple sources . . . or referenced in multiple investigative documents describing the events of January 6. . ." ECF No. 44, p. 5. For the government's motion represents that it has already identified a body of potential *Brady* material. Nor is its decision to presently withhold such information a result dictated by CJA counsel's perceived inability "to receive [the material] in a manner that provides for searches across broad swaths of data using sophisticated software tools." *Id.* at 11.[2]

---

[1] Griffin believes this information has not been provided to the assigned prosecutor in this matter. The prosecutor said, however, that as far as *she* is aware, the government does not possess material that specifically shows Griffin in a place where barricades were being moved by police officers.

[2] Counsel feels moderately comfortable representing to the Court that he is sophisticated enough to use "keyword searches" and that his eyes appear capable of "object recognition," because he ran a couple tests using "software tools" before filing this response in Court. ECF No. 44, p. 11.

The Court should direct the government to produce this material now.  LCrR 5.1 (following arraignment, government has obligation to make good-faith efforts to produce *Brady* material "as soon as reasonably possible after its existence is known . . .").

The government argues that "every circuit to address the issue has concluded that, where the government has provided discovery in a useable format, and absent bad faith such as padding the file with extraneous materials or purposefully hiding exculpatory material within voluminous materials, the government has satisfied its *Brady* obligations." ECF No. 44, p. 6 (offering string cite).  However, the problem here is that despite stating that it has identified and possesses potential *Brady* material, the government has not "provided [that] discovery in a useable format." And it will not provide a production date for that material, much less for *Brady* material that might come to its attention in the future using certain "software tools" or through gaining access to a protestor's phone by allowing his flat-fee criminal defense counsel to recommend stipulating to a 57-71 month sentencing range on "obstruction of official proceeding" instead of an 87-108 month range.

Third, at the salient beginning and end of its motion, the government states that Griffin says "he is suffering emotional distress from the charges." ECF No. 44, pp. 2, 19.  Griffin asks the Court to notice how the government arrived at that statement.  In his opposition to a STA continuance motion filed nearly five months ago, Griffin stated that as a result of his charges, "a cloud has been placed over his reputation as a public servant." ECF No. 18, p. 8.  He added that he "has received death threats since, and because of, the charges against him." *Id.*  So where did the "Griffin says he is suffering from emotional distress" come from? The Court will notice that Griffin cited the Supreme Court's decision in *Strunk v. United States*, 412 U.S. 434 (1973), ECF No. 18, p. 9, and that one line from that decision states, "The speedy trial guarantee recognizes

4

that a prolonged delay may subject the accused to an emotional stress that can be presumed to result in the ordinary person from uncertainties in the prospect of facing public trial . . ." 412 U.S. at 439.  So now Griffin says he is "suffering from emotional distress."

Finally, the government raises new arguments that the circumstances of the January 6 investigations collectively considered, if not the circumstances in Griffin's case in particular, will warrant ends-of-justice continuances beyond the September 20 hearing date.  ECF No. 44, pp. 14-17.  Griffin will address those arguments more formally and at length if the Court indicates on September 20 that further briefing on the issues is needed.  He will also respond at that time to the government's constitutional speedy trial arguments.

Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, VA Bar No. 79745
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Couy Griffin*

**Certificate of Service**

I hereby certify that on the 12th day of August, 2021, I filed the foregoing response with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>JANANI IYENGAR
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, D.C. Bar No. 403068
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com