**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>COUY GRIFFIN,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:21-cr-92<br>)<br>) **District Judge Trevor N. McFadden**<br>)<br>)<br>) |

**DEFENDANT GRIFFIN'S MOTION TO COMPEL PRODUCTION OF *BRADY***
**COMPILATION EVIDENCE**

Defendant Griffin, through his counsel, moves to compel production of documents and

materials pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1.

The government's latest motion for a 60-day continuance under the Speedy Trial Act, 18

U.S.C. § 3161 *et seq.* (STA) states,

> Although we are aware that we possess some information that the defense may view as
> supportive of arguments that law enforcement authorized defendants (**including**
> **Defendant**) to enter the restricted grounds, e.g., images of officers hugging or fist-
> bumping rioters, posing for photos with rioters, and moving bike racks, we are not in a
> position to state whether we have identified all such information. **Pursuant to *Brady***
> **and its progeny**, we are required to make available the voluminous data that may contain
> any similar information for Defendant to review.

ECF No. 44, p. 12 (emphasis added).

As Griffin noted in his response to that motion, the government has indicated that it

cannot provide a production date to the defense for the already identified January 6 *Brady* trove

and that it was up to the government's discovery team to decide on such a date. The government

explained that because it is difficult for the United States to parse out the mitigating materials for

each individual defendant, the government will make these disclosures on a larger scale, at some

uncertain date in the future. ECF No. 47, p. 3.

1

Rule 16 provides that "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

> (i) the item is material to preparing the defense;

> (ii) the government intends to use the item in its case-in-chief at trial; or

> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

As this Court has noted on many occasions, "the government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16.  Nor may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. Safavian*, 223 F.R.D. 12, 15 (D.D.C. 2005).  Moreover, "burdensomeness and logistical difficulty . . . cannot drive the decision whether items are 'material' to preparation of the defense.  Nor can concerns about confidentiality and privacy rights of others trump the right of one charged with a crime to present a fair defense." *United States v. O'Keefe*, 2007 U.S. Dist. LEXIS 31053, *4 (D.D.C. Apr. 27, 2007); *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (materiality standard "is not a heavy burden"; evidence material if there is indication that it may play an "important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal").

Rule 5.1 of the Local Criminal Rules provides, "Beginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose [*Brady*] information to the defense as soon as reasonably possible

after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case." LCrR 5.1(a).  The rule defines *Brady* material to include, among other things, "information that is inconsistent with or tends to negate the defendant's guilt as to any element . . . of the offense(s) with which the defendant is charged"; "information that tends to mitigate the charged offense(s) or reduce the penalty; and "information that tends to establish an articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s) with which the defendant is charged." LCrR 5.1(b).  The rule provides that "If the government fails to comply with this rule, the Court, in addition to ordering production of the information, may. . .  enter any . . . order that is just under the circumstances." LCrR 5.1(g)(4).

Griffin is charged under Section 1752 for "knowingly enter[ing] or remain[ing] in any restricted building or grounds without lawful authority to do so." § 1752(a)(1).  As the government itself observes, information supportive of the argument that law enforcement authorized Griffin allegedly to enter or remain in the "restrict area" would constitute *Brady* material.  ECF No. 44, p. 12.  It is also therefore information material to the defense under Rule 16(a)(1)(E).  Under Local Rule 5.1, the government must make good faith efforts to produce such materials "as soon as reasonably possible after its existence is known" to the government. LCrR 5.1(a).

Because the government has stated that (a) it is aware of and possesses information that would constitute *Brady* material in this case but (b) it will not provide any production date for that material, the Court should order the government to produce it "as soon as reasonably possible." LCrR 5.1(a).  The government does not need to segregate *Brady* on a defendant-by-defendant basis, but rather can simply produce the relevant materials it already possesses to

Griffin.  If the government does not, the Court should impose evidentiary sanctions or dismiss

the Amended Information.  LCrR 5.1(g)(4).

                                                  Respectfully submitted,


                                                  /s/ David B. Smith
                                                  David B. Smith, D.C. Bar No. 403068
                                                  David B. Smith, PLLC
                                                  108 North Alfred Street, 1st FL
                                                  Alexandria, Virginia 22314
                                                  (703) 548-8911 / Fax (703) 548-8935
                                                  dbs@davidbsmithpllc.com

                                                  Nicholas D. Smith, VA Bar No. 79745
                                                  David B. Smith, PLLC
                                                  7 East 20th Street, Suite 4R
                                                  New York, NY 10003
                                                  (917) 902-3869
                                                  nds@davidbsmithpllc.com

                                                  *Counsel to Couy Griffin*

**<u>Certificate of Service</u>**

I hereby certify that on the 12th day of August, 2021, I filed the foregoing response with

the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following CM/ECF user(s):

> JANANI IYENGAR
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class

postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
