## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-cr-00092 (TNM)** |
| | : | |
| **COUY GRIFFIN,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
### TO COMPEL PRODUCTION OF BRADY COMPILATION EVIDENCE

On August 12, 2021, the defendant filed a motion to compel production of *Brady*[1]

compilation evidence (the "Defense Motion") (ECF No. 48).   Citing to the government's August

9, 2021, representation that "we possess some information that the defense may view as

supportive of arguments that law enforcement authorized defendants . . . to enter the restricted

grounds,"[2]  the defendant requests the Court order the government to produce material that has

already been compiled "as soon as reasonably possible" consistent with Local Criminal Rule

5.1(a), *see* Defense Motion at 3, or else face sanctions or dismissal of this case.   For the reasons

cited below, and as may be further explained at any hearing on this matter, the Defense Motion is

unwarranted and should be denied.

### FACTUAL BACKGROUND

Defendant, a county commissioner for Otero County, New Mexico, is charged via

information with violations of 18 U.S.C. §§ 1752(a)(1)(Entering and Remaining in a Restricted

Building) and (a)(2) (Disorderly and Disruptive Conduct in a Restricted Building).   These

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] United States' Motion to Continue and Exclude Time Under the Speedy Trial Act (ECF No. 44 at 12).

charges arise from his conduct on January 6, 2021, when he is alleged to have participated as part of a mob that breached the U.S. Capitol (the "Capitol Breach") by climbing the west steps of the Capitol (a restricted area), where he remained for approximately one and one-half hours and used a bullhorn to address other rioters.

Defendant was arrested on January 19, 2021.   Although he was initially detained pending trial, he has been on pretrial release since February 5, 2021.

As is relevant here, on August 9, 2021, the government filed a motion for a 60-day continuance of the above-captioned proceeding, and further to exclude the time within which a trial must commence under the STA (the "STA Motion") (ECF No. 44).   In the motion, the government stated:

> For all the reasons described above, despite our diligent efforts, we are not currently in a position to identify all information that may be material to the defense in this case.   We do not know the theory of defense, and to the extent that we can surmise what it might be, relevant evidence may be interspersed among voluminous data that we cannot possibly review in its entirety.   Further, we are not in a position to turn over the universe of information we possess for Defendant to review.   Although we are aware that we possess some **information that the defense may view as supportive of arguments that law enforcement authorized defendants (including Defendant) to enter the restricted grounds, e.g., images of officers hugging or fist-bumping rioters, posing for photos with rioters, and moving bike racks**, we are not in a position to state whether we have identified all such information.   Pursuant to *Brady* and its progeny, we are required to make available the voluminous data that may contain any similar information for Defendant to review.

(ECF No. 44 at 12 (emphasis added)).

On August 12, 2021, the defendant filed a motion to compel production of *Brady* compilation evidence (ECF No. 48).   Focusing on the information bolded above, the defendant requested the Court order the government to produce any arguably exculpatory information it has already identified "as soon as reasonably possible" consistent with Local Criminal Rule 5.1(a),

*see* Defense Motion at 3, or else face sanctions or dismissal of this case.

## ARGUMENT

As an initial matter, the Defense Motion wrongly assumes that the government has compiled certain information that the defense may view as supportive of arguments that law enforcement authorized defendants (including Defendant) to enter the restricted grounds but is waiting to turn such information over to the defense until it has identified *all* information that may be exculpatory.   While it is correct that our discovery plan is to provide the defense with voluminous materials so that they may identify evidence they believe is exculpatory, we are not holding back arguably exculpatory materials we have already identified.

To the contrary, as we have clearly articulated our previous Status Memoranda, our overarching plan is to make document productions on a rolling basis, and we are prioritizing the same materials to which we alluded in our August 9, 2021 STA Motion, i.e., investigations into allegations of police misconduct.   As stated in our August 23 Discovery Status Memorandum, we expect to begin producing materials related to such investigations next week (the week beginning September 5, 2021).   Specifically, the defendant can expect to receive a production of U.S. Capitol Police ("USCP") Office of Professional Responsibility ("OPR") files next week, and a production of Metropolitan Police Department excessive force investigations shortly thereafter.

We have made good faith efforts to produce such materials as soon as *reasonably* possible after learning of their existence, consistent with Local Criminal Rule 5.1(a).   Such good faith efforts included engaging in processes that were necessary to avoid production of unorganized data dumps and unreadable files and to protect private information that will be shared with hundreds of defendants.   For example, after we received a production of OPR

investigation files from the USCP, we had to review them, organize relevant reports and exhibits, load such materials to Relativity, and process them – including making appropriate redactions.[3] As elaborated in our August 23 Discovery Status Memorandum, these processes are not wholly automated and require both technical expertise and manual assistance, but they are being performed as expeditiously as possible and (as evidenced by next week's planned production) are nearly complete.

### CONCLUSION

For the reasons described above, and any others that may be offered at a hearing on this matter, the government requests the Court deny the defendant's motion to compel production of *Brady* compilation evidence. The government is making good faith efforts to provide the arguably exculpatory materials it has identified and the defendant's motion is wholly unwarranted.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:      /s/ *Emily A. Miller*
EMILY A. MILLER
Capitol Breach Discovery Coordinator
DC Bar No. 462077
555 Fourth Street, N.W., Room 5826
Washington, DC 20530
Emily.Miller2@usdoj.gov
(202) 252-6988

---

[3] Investigations into allegations of misconduct are always highly sensitive matters, and even more so here, given the high-profile nature of this investigation, the number of defendants who would be receiving these reports, and the nature of the allegations (the vast majority of which were not sustained).