UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 21-cr-00092 (TNM) |
| : | |
| COUY GRIFFIN, : | |
| : | |
| Defendant. : | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION TO
CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

On August 9, 2021, the government filed a motion for a 60-day continuance of the above-captioned proceeding, and further to exclude the time within which a trial must commence under the STA (the "STA Motion") (ECF No. 44). The government explained that the main rationale for its request to toll the STA was to ensure that all arguably exculpatory information – which could be interspersed among a vast array of materials – was produced in a comprehensive, accessible, and useable format.[1] The government also refuted arguments set forth by the defendant in his opposition to the government's March 18, 2021, motion seeking an ends-of-justice continuance. At a hearing the same day, the Court did not rule on the motion, but agreed to toll the STA until the next status hearing on September 20, 2021.

On August 12, 2021, the defendant filed a response ("Defendant's Response") to the government's STA motion (ECF No. 47). The government files this reply to address certain assertions made in the Defendant's Response.

---

[1] The materials include, for example, thousands of hours of video footage from multiple sources (e.g., Capitol surveillance footage, body-worn-camera footage, results of searches of devices and Stored Communications Act ("SCA") accounts, digital media tips, Parler video, and unpublished news footage), and hundreds of thousands of investigative documents including but not limited to interviews of tipsters, witnesses, investigation subjects, defendants, and members of law enforcement.

As a preliminary matter, the government does not re-address here the defendant's request (Defendant's Response at 2-4) that the government be ordered to produce certain arguably exculpatory materials referenced in the government's STA Motion. That request has already been addressed in the United States' opposition to the defendant's motion to compel production of *Brady* compilation evidence (ECF No. 51), incorporated herein by reference.

As is pertinent here, the defendant stresses that he is entitled to any material in the government's possession showing that his alleged entry into a restricted area of the Capitol was lawfully authorized (Defendant's Response at 2). The government's overarching discovery plan is designed to provide the defendant with all data that may contain such information in a manner that will facilitate the search, retrieval, sorting, and management of that information. Given the nature and volume of material – a large portion of which was generated on January 6 when thousands of individuals, including the defendant, collectively participated in an attack at a heavily surveilled location, chose to record their actions on their own digital devices, and subsequently posted evidence of their criminal conduct on social media – our plan will take time. It will not be completed by the time of the next status hearing. That is why the government requested in its STA Motion that the Court set a status hearing in sixty days to monitor the government's progress and ensure that discovery production continues to be handled diligently.

The United States is continuing in its good faith efforts to provide voluminous materials in discovery, as most recently summarized in its memorandum describing the status of discovery as of August 23, 2021 (ECF No. 50), incorporated herein by reference. As set forth in the STA Motion, in view of the government's ongoing exercise of due diligence, our need for reasonable time to address discovery obligations is a more than sufficient ground to grant a continuance and

2

exclude time under the STA. In fact, much longer continuances have been granted in cases involving far less complexity in terms of the volume and nature of data. Moreover, the defendant's constitutional speedy trial rights are in no danger of being violated in view of the government's ongoing efforts to address unprecedented complex discovery issues.

    In sum, given the government's ongoing efforts to produce voluminous discovery, it is only the defendant's own insistence on going to trial prematurely that poses any obstacle to the government's ability to honor his constitutional rights both to receive all arguably exculpatory information and to a speedy trial, and that is why we also requested the Court grant our STA Motion notwithstanding his lack of consent.

**CONCLUSION**

For the reasons described above, and any others that may be offered at a hearing on this matter, the government requests the Court grant its motion for a continuance of the above-captioned proceeding for sixty days in order to provide discovery in this case, and further to exclude the time within which a trial must commence under the STA on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:   /s/ *Emily A. Miller*
EMILY A. MILLER
Capitol Breach Discovery Coordinator
DC Bar No. 462077
555 Fourth Street, N.W., Room 5826
Washington, DC 20530
Emily.Miller2@usdoj.gov
(202) 252-6988