**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:21-cr-92-TNM |
| | ) |
| COUY GRIFFIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT GRIFFIN'S MOTION TO COMPEL PRODUCTION OF
PHOTOGRAPHIC *BRADY* EVIDENCE**

Couy Griffin, through his counsel, moves the Court to compel the government to produce

a limited, identifiable set of photographic evidence material to his guilt or innocence on the two

charges he faces under 18 U.S.C. § 1752(a).  If the government does not comply, the charges

should be dismissed.  LCrR 5.1(g)(4).

Both counts of the Amended Information require the government to prove that Griffin

knowingly entered and remained in a "restricted building and grounds" at the same time as Vice

President Mike Pence, who was then "temporarily visiting." Am. Information, Counts One and

Two.  The "building" to which the charging instrument refers is "the United States Capitol." *Id.*

The metes and bounds of the "grounds" to which the Amended Information refers are defined

statutorily.  40 U.S.C. § 5102.  All of the locations within the Capitol "grounds" are, by

definition, above ground:

> The United States Capitol Grounds comprises all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columbia in book 127, page 8, including all additions added by law after June 25, 1946.

§ 5102(a).

Thus, to establish that Griffin violated § 1752(a), the government must prove at trial that he entered or remained in either the Capitol Building or the Capitol Grounds when the Secret Service protectee at issue, Vice President Pence, was also present in those places. And that is as it should be. Section 1752 is a mechanism for creating a security perimeter enforceable by law to ensure that unauthorized individuals do not come dangerously close to the physical presence of a Secret Service protectee. ECF No. 32. If a defendant is not even present in the same "building" or "grounds" as a protectee, he is not within the zone with which § 1752 is concerned.

Here, Griffin was seen beginning his approach on the grounds toward the west front of the Capitol at 2:31 p.m. The moment is captured on a film made by videographer Matt Struck, on which the government relies in this case. ECF No. 33, p. 3.



*Couy Griffin approaching west front of Capitol at 2:31 p.m. on January 6*

Griffin appears to be crossing the stone barrier at the edge of the area designated as "restricted" with a red line in the below map used by the government in this case.  The green circle, added by Griffin, shows the area where he appeared to be located at 2:31 p.m.



*"Restricted area" map used by government, ECF No. 33, p. 2.*

At this moment, the sole Secret Service protectee at issue may have been present in neither the Capitol Building nor the Capitol Grounds.  Capitol CCTV footage played during the former president's impeachment proceedings displayed the moment when Vice President Pence exited the Capitol Building on January 6.  It occurred at approximately 2:26 p.m.



*Vice President Mike Pence exiting Capitol Building at 2:26 p.m.*

On November 9, Jonathan Karl, the Washington correspondent for ABC News, publicly stated that while researching a book about January 6, he discovered that Vice President Pence had been with an official White House photographer after his departure from the Capitol Building. *Mike Pence Hid in "Loading Dock" in Underground Parking Garage During Jan. 6. Riot*, Newsweek, 11/9/21, available at: https://www.newsweek.com/mike-pence-january-6-riot-loading-dock-underground-parking-garage-1647353. Karl said Pence's team showed him photographs of the former vice president passing time in an "underground garage." "He was in a loading dock in an underground parking garage beneath the Capitol complex," Karl said. There was "no place to sit, no desk, no chairs, nothing." Karl added that the fact that the images were taken by an official White House photographer makes them a public record under regulations of the U.S. National Archives. *Id.*

If such photographs exist, they constitute *Brady* material in this case. If the journalist's description of the images is accurate, the former vice president left the Capitol Building, passed through the subterranean tunnel network and entered the Senate underground garage. That

garage is not part of the structure of the Capitol Building.[1]  It lies between the Capitol Building

and the Russell Senate Office Building, underneath the Senate fountain.  See *Senate Fountain*,

Architect of the Capitol, available at: https://www.aoc.gov/explore-capitol-campus/art/senate-

fountain.  Maps of the area show the Senate garage is not part of the Capitol Building itself:



The Senate garage, and underground tunnels leading to it, do not fall under the statutory

definitions of the Capitol Building and Capitol Grounds.  As shown above, all the features

making up the "United States Capitol Grounds" are, appropriately enough, above ground.  §

5102(a).  As to whether the tunnels and Senate underground garage are part of the "Capitol

Building" itself, Title 40 answers in the negative. "Capitol Buildings" are defined as follows:

> [T]he term "Capitol Buildings" means the **United States Capitol,** the Senate and House
> Office Buildings and **garages**, the Capitol Power Plant, all buildings on the real property
> described under section 5102(c) (including the Administrative Building of the United
> States Botanic Garden) all buildings on the real property described under section 5102(d),

---

[1] At one point in this case, counsel was led to understand that this garage lay directly beneath the
Capitol within the same building structure.  That was mistaken.

**all subways and enclosed passages connecting two or more of those structures**, and the real property underlying and enclosed by any of those structures.

40 U.S.C. § 5101 (emboldening added).

As seen above, the definition of "Capitol Buildings," plural, distinguishes between the tunnels and underground garages, on the one hand, and the "United States Capitol" building itself, on the other.  The "subways," underground "enclosed passages," and "garages" are not part of the "United States Capitol" building (the "restricted" building) because they are set off from one another by commas in a list.

Rule 16 provides, "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, **photographs**, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E) (emboldening added).

As this Court has noted on many occasions, "the government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16.  Nor may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. Safavian*, 223 F.R.D. 12, 15 (D.D.C. 2005).  Moreover, "burdensomeness and logistical difficulty . . . cannot drive the decision whether items are 'material' to preparation of the defense.  Nor can concerns about confidentiality and privacy rights of others trump the right of one charged with a crime to present a fair defense." *United States v. O'Keefe*, 2007 U.S. Dist. LEXIS 31053, at *4 (D.D.C.

6

Apr. 27, 2007); *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (materiality standard "is not a heavy burden"; evidence material if there is indication that it may play an "important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal").

Rule 5.1 of the Local Criminal Rules provides, "Beginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose [*Brady*] information to the defense as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case." LCrR 5.1(a) (emphasis added). The rule defines *Brady* material to include, among other things, "information that is inconsistent with or tends to negate the defendant's guilt as to any element . . . of the offense(s) with which the defendant is charged"; "information that tends to mitigate the charged offense(s) or reduce the penalty"; and "information that tends to establish an articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s) with which the defendant is charged." LCrR 5.1(b). The rule provides that "If the government fails to comply with this rule, the Court, in addition to ordering production of the information, may. . . enter any . . . order that is just under the circumstances." LCrR 5.1(g)(4).

Photographic evidence showing that the Secret Service protectee was not present in the § 1752 "building" or "grounds" at the same time as Griffin is *Brady* material. It should be produced by the government. If it is not, the Court should dismiss the charges pursuant to Local Criminal Rule 5.1(g)(4), as Griffin would then be denied access to evidence going to the heart of his case.

Dated: January 4, 2022

Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Appointed by the Court*

Nicholas D. Smith, VA Bar No. 79745
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

## Certificate of Service

I hereby certify that on the 4th day of January, 2022, I filed the foregoing opposition with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

JANANI IYENGAR
Assistant United States Attorney
555 4th Street, N.W., Room 4408
Washington, D.C. 20530
(202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

8