UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-92 |
| v. : | |
| : | |
| COUY GRIFFIN : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF PHOTOGRAPHIC *BRADY* EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to the Defendant's Motion to Compel Production of Photographic *Brady* Evidence. ECF No. 66.

## FACTUAL BACKGROUND

On January 6, 2021, as a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College for the 2020 U.S. Presidential Election, the Defendant, along with a large group of individuals, illegally entered a restricted area near the West Front of the United States Capitol Building. The Defendant remained in the restricted area for several minutes, and subsequently left of his own accord. During the time that the Defendant was on the Capitol grounds, Vice President Pence was in the U.S. Capitol Building.

In the Defendant's motion, he seeks to compel the government to disclose photographs from the official White House photographer, which were obtained by ABC News Washington Correspondent Jonathan Karl. Karl stated that these pictures depicted Vice President Pence in a "an underground parking garage beneath the Capitol complex."

## ARGUMENT

*Brady* material is material in the government's possession that has some exculpatory or impeachment value. *United States v. Nelson*, 979 F.Supp.2d 123 (D.C. Cir. 2013). The photographs requested by the Defendant from the official White House photographer are not in the government's possession, therefore, they are not considered *Brady* and the Defendant cannot move to compel their production.[1] *United States v. Flynn*, 411 F.Supp.3d 15 (D.C. Cir. 2019) ("*Brady* does not extend to information that is not within government's possession…"). Similarly, the Defendant's request for these photographs under Federal Rule of Criminal Procedure 16(a)(1)(E) should be denied, as Rule 16 only requires the government to disclose photographs within its possession. Fed. R. Crim. P. 16(a)(1)(E).

---

[1] The government rejects the Defendant's contention that the photographs that are the subject of the Defendant's motion have some exculpatory value. 18 U.S.C. 1752(a)(1) and (2) criminalizes a person entering a restricted area "of a building or grounds where the President or other person protected by the Secret Service *is or will be temporarily visiting*." 18 U.S.C. 1752(c)(1)(B). 18 U.S.C. 1752 does not require the Secret Service protectee to be present on the grounds or in the building where the restricted area has been established at the time of an illegal entry into the restricted area. Therefore, the Vice President's presence in an underground parking garage or tunnel does not exculpate the Defendant with respect to the charged conduct.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the Defendant's Motion to Compel.

Respectfully submitted,

MATTHEW M. GRAVES
Acting United States Attorney

By:     /s/
Janani Iyengar
Assistant United States Attorney
NY Bar No. 5225990
555 Fourth Street, N.W., Room 4237
Washington, DC 20530
Janani.iyengar@usdoj.gov
(202) 252-7760