UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) </br> ) </br> ) |
| v. | ) Case No. 1:21-cr-92-TNM </br> ) |
| COUY GRIFFIN, | ) </br> ) |
| Defendant. | ) </br> ) |

**DEFENDANT GRIFFIN'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO COMPEL PRODUCTION OF PHOTOGRAPHIC *BRADY* EVIDENCE**

Defendant Griffin moved the Court to compel the government to produce a narrow set of photographic evidence that would prove he is innocent of the two charges he faces under 18 U.S.C. § 1752(a). ECF No. 66. In response, the government filed a one-paragraph opposition that misstates the applicable legal standards. ECF No. 70.

Consider first what the government does not dispute. It does not contest that on January 6, Vice President Mike Pence was the sole Secret Service protectee in the Capitol area it regards as "restricted" under § 1752(a). It does not contest that Griffin's charges require the government to prove that he knowingly entered and remained in a restricted building and grounds, "that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President . . . [was] temporarily visiting. . ." Am. Information, Counts One, Two. It does not dispute that the vice president left the Capitol Building at 2:26 p.m. on January 6 and that Griffin did not enter the "restricted area" before 2:31 p.m. It does not dispute that photographs exist depicting the vice president in an "underground garage," to which Pence repaired through a subterranean tunnel, and that this is the Senate garage which lies outside the § 1752(a) "restricted area." Finally, it does not contest that the statutory definitions of the Capitol

1

Grounds and the Capitol Building do not encompass the underground tunnels and Senate garage, which in any case physically (and not just definitionally) lie outside the "restricted area," according to the § 1752(a) map used by the government in this case. ECF No. 70.

Taking all those points as given, the government says Griffin's motion should be denied because the Pence photographs "are not in the government's possession" and thus cannot constitute producible *Brady* material or Rule 16 material. ECF No. 70, p. 2. There are several problems with this response. First, the standard is whether the requested materials are in the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E); *U.S. v. Safavian*, 233 F.R.D. 12, 14 (D.D.C. 2005). Second, the government does not explain what it means by "the government's possession." Third, even if the government means that the photographs are not in the possession of the U.S. Attorney's Office in the District of Columbia, its discovery obligations are broader. In this district, for purposes of Rule 16 "'the government' includes any and all agencies and departments of the Executive Branch of the government and their subdivisions, not just the Justice Department, the FBI, the GSA-OIG, and other law enforcement agencies." *Safavian*, 233 F.R.D. at 14 (citing *U.S. v. Santiago*, 46 F.3d 885, 893-94 (9th Cir. 1995)); *accord Robinson v. U.S.*, 825 A.2d 318, 328 (D.C. 2003) (holding that a recording of a call held by a prison "was in the government's 'possession' for both Jencks and Rule 16 purposes," despite the prison's lack of involvement with the investigation, merely because it could have been retrieved by the police).

The government does not dispute that an official White House photographer took the photographs of the vice president as he passed time outside the "restricted area" on January 6. ECF No. 70. Accordingly, under the Presidential Records Act, the images are records documenting the "activities" of the vice president concerning his "constitutional, statutory, or

other official or ceremonial duties. . ." and are thus Presidential records.  44 U.S.C. § 2203(a). When a president leaves office, the National Archives and Records Administration (NARA) assumes "custody [and] control" over Presidential records.  § 2203(g)(1).  Records of the vice president are transferred to NARA in the same manner.  § 2207.  NARA is an agency of the Executive branch.  § 2102.

Therefore, the government has an obligation to obtain the photographs from NARA and produce them to Griffin, so long as they are merely "material to preparing the defense," much less *Brady* material.[1]  Fed. R. Crim. P. 16(a)(1)(E)(i).  It is uncontroversial that satisfying this standard is "not a heavy burden." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993). Griffin must merely make a showing that the material will "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.*  Of course, if the requested material is "inconsistent with or tends to negate the defendant's guilt as to any element . . . of the offense(s) with which the defendant is charged" it is also *Brady* material.  LCrR 5.1(b)(1). "[B]urdensomeness and logistical difficulty . . . cannot drive the decision whether items are 'material' to preparation of the defense.  Nor can concerns about confidentiality and privacy rights of others trump the right of one charged with a crime to present a fair defense." *United States v. O'Keefe*, 2007 U.S. Dist. LEXIS 31053, at *4 (D.D.C. Apr. 27, 2007).

The government does not even attempt to argue that the photographs are not "material" under Rule 16.  ECF No. 70.  The argument is therefore forfeited.  *E.g.*, *Alvarez v. Lynch*, 828

---

[1] Griffin inquired whether the government requested the photographs from NARA. It responded that NARA is "not part of the prosecution team, therefore, anything in their possession is not considered to be in our possession, custody or control."

3

F.3d 288, 295 (4th Cir. 2016) (a party's failure to respond to a conspicuous, nonfrivolous argument ordinarily constitutes an argument forfeiture).

In a footnote, the government argues that the photographs cannot constitute *Brady* material. ECF No. 70, p. 2 n. 1. It contends that § 1752(a),

> does not require the Secret Service protectee to be present on the grounds or in the building where the restricted area has been established at the time of an illegal entry into the restricted area. Therefore, the vice president's presence in an underground parking garage or tunnel does not exculpate the Defendant with respect to the charged conduct.

ECF No. 70, p. n. 1.

The government is mistaken in several respects. "[R]estricted buildings or grounds" means "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." § 1752(c)(1)(B). Thus, Griffin did not "knowingly enter[] or remain[] in any restricted building or grounds," § 1752(a)(1), if the vice president was not also present and "temporarily visiting."

By italicizing the phrase "or will be temporarily visiting," the government appears to suggest that Griffin may be found guilty even if he "enter[ed] or remain[ed]" in the "restricted building or grounds" only when the USSS protectee was not "temporarily visiting." ECF No. 70, p. n. 1. The government appears to be alluding to the fact that the vice president returned to the Capitol to announce the resumption of the joint session at 11:35 p.m. on January 6—about eight hours after Griffin left the "restricted area." 167 Cong. Rec. H94 (Jan. 6, 2021). If so, the government's argument is chronologically confused. To be culpable, the defendant must "knowingly" enter the restricted area. § 1752(a). Under the concurrence or contemporaneity principle, a defendant's *mens rea* may not be retrospectively imputed based on contingencies that develop after commission of the actus reus. *E.g.*, *Morissette v. U.S.*, 242 U.S. 246, 251-52 (1952) ("Crime, as a compound concept, generally constituted only from concurrence of an evil-

4

meaning mind with an evil-doing hand. . .").  Just as the government concedes that, under the "is . . . temporarily visiting" permutation of § 1752(c)(1)(B), it must prove that the defendant knew a USSS protectee was temporarily visiting *when* the defendant entered or remained in the restricted area, so must the government prove, under the "or will be temporarily visiting" permutation, that the defendant knew the protectee would be temporarily visiting *when* the defendant entered or remained in the restricted area.

The government has presented no facts or arguments to suggest that when Griffin allegedly entered the "restricted area" at 2:31 p.m. he knew that Vice President Pence would surface from his underground passage to the "restricted area" eight hours later.  Indeed, it is likely the case that the vice president himself did not then know.  In any case, even if the government were somehow allowed to argue Griffin's guilt this way notwithstanding the concurrence principle, that would not render the photographic evidence immaterial to Griffin's contrary trial argument.  *Safavian*, 233 F.R.D. at 15 (the government may not "put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation.").

And statutory language aside, the Amended Information does not even charge that Vice President Pence "would be temporarily visiting" when Griffin allegedly entered the "restricted area" but that he *was* then visiting.  Am. Information, Counts One, Two.  The already amended information was filed eight months ago.  ECF No. 31.  Griffin was originally charged over a year ago.  ECF No. 1.  The Court should not permit the government to amend the charges, again, so soon before trial, and after so many Speedy Trial Act continuances in a misdemeanor case.

For all these reasons, the Court should order the government to promptly produce the photographic evidence after obtaining it from NARA.  If it is not, the Court should dismiss the

charges pursuant to Local Criminal Rule 5.1(g)(4), as Griffin would then be denied access to evidence showing he is wrongly accused.

Dated: January 18, 2022                                  Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Appointed by the Court*

Nicholas D. Smith, VA Bar No. 79745
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

## Certificate of Service

I hereby certify that on the 18th day of January, 2022, I filed the foregoing opposition with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> JANANI IYENGAR
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068

David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com