UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-92 (TNM) |
| v. : | |
| : | |
| COUY GRIFFIN, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION IN LIMINE TO LIMIT CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this reply to the Defendant's Opposition to Government's Motion in Limine to Limit Cross-Examination of Secret Service Agency Witnesses. ECF No. 75.

In his opposition, the Defendant asserts that several of the factual representations made by the government in its initial motion were "inaccurate." ECF No. 75 at 1. Specifically, the Defendant incorrectly contends that the government does not defend, "the criminal complaint's allegation that Vice President Pence "remained" in the Capitol between 2:20 p.m. and 11:35 p.m. And it does not deny that the [V]ice [P]resident left the capitol building at 2:26 p.m., repairing to an underground garage after passing through subterranean tunnels." In addition to making a series of baseless accusations of misconduct against the government, the Defendant also misconstrues the government's position on the Vice President's whereabouts during the Capitol breach.

In light of the Defendant's accusations, the government has obtained an affidavit (Attachment 1) from the United States Capitol Police regarding Vice President Pence's movements on January 6, 2021. As the affidavit indicates, Vice President Pence remained in the Capitol Complex throughout the Capitol breach. Additionally, as the government argued in its original

motion *in limine*, Vice President Pence's exact location during the Capitol Breach is "among the most sensitive information maintained by USCP."

The Defendant also argues that he should be allowed to elicit testimony related to "the location within the Capitol or its grounds to which the Vice President and his family, or their motorcade, were taken once the riot began." ECF No. 75 at 4. The Defendant relies on *United States v. Foster*, 986 F.2d 541 (D.C. Cir. 1993), which is clearly distinguishable from the instant case, arguing that the Circuit Court's decision to allow cross-examination related to the location of an observation post is analogous to allowing testimony regarding the secure location where the Secret Service evacuated the Vice President. ECF No. 75 at 4-5. In *Foster*, the Court found that "in a criminal trial the informer's privilege must give way when the information sought is relevant and helpful to the defense of an accused." *Foster*, 986 F.2d at 544. The Court determined that the location of the observation post was relevant to determining law enforcement's ability to identify the defendant as the individual engaged in a drug transaction. *Id.* In the instant matter, the Vice President's exact location at any point during the Capitol breach is irrelevant to the elements of 18 U.S.C. § 1752. Under the statute, the government is not required to prove that the Vice President was even in the building or on the grounds of a restricted area, and is certainly not required to pinpoint his exact location. Moreover, the public interest in ensuring the continuing security of the Vice President of the United States outweighs any interest the Defendant has to cross-examine a Secret Service agent on irrelevant, tangential issues.

.

## CONCLUSION

For these reasons, the government respectfully requests that the Court grant the government's motion *in limine*.

        Respectfully submitted,

        MATTHEW M. GRAVES
        Acting United States Attorney

By:     /s/
        Janani Iyengar
        NY Bar No. 5225990
        Kimberly L. Paschall
        D.C. Bar No. 1015665
        Assistant United States Attorneys
        555 Fourth Street, N.W., Room 4237
        Washington, DC 20530
        Janani.iyengar@usdoj.gov
        (202) 252-7760