UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr-92-TNM ) |
| COUY GRIFFIN, | ) ) ) |
| Defendant. | ) ) |

**NOTICE OF GRIFFIN'S RESPONSE TO THE DECLARATION OF SERGEANT STEPHEN T. JAMES**

On February 4, the government filed a reply to Defendant Griffin's opposition to its motion in limine to limit cross-examination of Secret Service Agency Witnesses. ECF No. 76. Attached to the government's brief was the Declaration of Sergeant Stephen T. James. ECF No. 76-1. The artfully crafted declaration should have been attached to the government's initial motion so Griffin would have the opportunity to address it. He will do so here.

Sergeant James states that he viewed Capitol CCV footage of then Vice President Mike Pence exiting the United States Senate Chamber on January 6 at approximately 2:26 p.m. and arriving at a secure location within "the Capitol Complex" at approximately 2:28 p.m. James Decl., ¶ 4. James distinguishes "the Capitol Building" from "the Capitol Complex." *Id.* ¶ 3. He states that "the Capitol Complex" is a term that "we" use that "include[s]" the "Capitol Building and Capitol Visitor Center." *Id.* James represents that the vice president remained in "the Capitol Complex" until 6:29 p.m. when he returned to the Senate Chamber. *Id.* ¶ 4.

James states that, on January 6, 2021, the U.S. Capitol Police "established a restricted perimeter around the Capitol Building and Grounds for security purposes." James Decl., ¶ 7. He

1

adds that "the Capitol Complex is entirely within the restricted *perimeter* shown" in an exhibit attached to his declaration.  *Id.* (emphasis added).

Contrary to the government's suggestion in its reply, the James Declaration does not moot Griffin's need to cross-examine the government's Secret Service witness to determine whether he has committed a § 1752(a) offense.  The Amended Information alleges that Griffin "did knowingly enter and remain in a restricted *building and grounds*, that is, any posted, cordoned-off, and otherwise restricted area within *the United States Capitol and its grounds*, where the Vice President and Vice President-elect *were* temporarily visiting. . . ." Am. Information, Count One, ECF No. 31 (emphasis added).  This is what the government alleges and this is what it must prove.

The James Declaration itself represents that Vice President Pence had left the Senate Chamber by 2:26 p.m. and entered an area "we" call "the Capitol Complex" by 2:28 p.m.  The Declaration does not represent that "the Capitol Complex" area the vice president entered by 2:28 p.m. was within "the Capitol Building."  The government's reply does not dispute that Griffin entered the "restricted building or grounds" no earlier than 2:31 p.m.  ECF No. 175, p. 5.  The James Declaration states that "the Capitol Complex" was "within the perimeter shown" in the government's § 1752(a) map.  However, under both § 1752 and the Amended Complaint, the relevant legal question is whether Griffin entered or remained in a "restricted area" of a "*building*" or "*grounds*" where the vice president "[was] or [would be] temporarily visiting." § 1752(c)(1)(B) (emphasis added).  Just as the James Declaration does not represent that the vice president was in "the Capitol Building" after 2:28 p.m., it also distinguishes between the "U.S. Capitol Grounds" and "the Capitol Complex."  *Compare* James Decl., ¶ 2 *with* ¶ 3.

2

There are additional ambiguities.  The James Declaration states that the term "Capitol Complex" that "we" use "*include[s]*" the "Capitol Building and Capitol Visitor Center." James Decl., ¶ 3 (emphasis added).  It does not represent that those are the only places in "the Capitol Complex." At one point, the website for the Architect of the Capitol apparently stated that the "United States Capitol Complex" encompasses a group of twenty buildings and facilities, including the House and Senate Office Buildings, the Library of Congress Buildings, parks, the U.S. Botanic Garden, the Capitol Power Plant, the Capitol Visitor Center, and the Capitol Grounds. At some point, that information appears to have been taken off the Architect's website. *See* United States Capitol Complex, Wikipedia, https://en.wikipedia.org/wiki/United_States_Capitol_Complex (citing a dead link to the Architect's website) (last visited Feb. 7, 2022).

So, the James Declaration does not declare that Griffin entered or remained in a "restricted area within the *United States Capitol and its grounds*, where the Vice President and Vice President-elect *were* temporarily visiting. . . ." Am. Information, Count One, ECF No. 31 (emphasis added).  It moves the ball from under a shell called "building or grounds" to a shell called "Capitol Complex." To establish whether the government has proven its charge, the Court must be permitted to hear testimony on whether the vice president was temporarily visiting the "restricted building or grounds" when Griffin allegedly entered either.  That does not require disclosure of the "precise location" of the vice president's secure area.  It merely requires that the government simply answer the question of whether the vice president was in the Capitol Building or Grounds after 2:28 p.m. instead of offering new definitional ambiguities.

Dated: February 7, 2022                                         Respectfully submitted,


                                                                /s/ David B. Smith

3

David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Appointed by the Court*

Nicholas D. Smith, VA Bar No. 79745
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

## Certificate of Service

I hereby certify that on the 7th day of February, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> JANANI IYENGAR
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

4