UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-CR-92 (TNM) |
| v. | : | |
| | : | |
| COUY GRIFFIN, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RULE 17(b), (d) TRIAL SUBPOENA ISSUANCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to the Defendant's Motion for Rule 17(b), (d) Trial Subpoena Issuance. ECF No. 79.

## FACTUAL BACKGROUND

On January 6, 2021, as a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College for the 2020 U.S. Presidential Election, the Defendant, along with a large group of individuals, illegally entered a restricted area near the West Front of the United States Capitol grounds. The Defendant remained in the restricted area for well over an hour, and subsequently left of his own accord. During the time that the Defendant was on the Capitol grounds, Vice President Pence was temporarily visiting the building or grounds associated with the restricted area.

On February 16, 2022, the Defendant filed a motion seeking to subpoena a United States Secret Service (USSS) witness. The government does not oppose the Defendant's request for a subpoena pursuant to 6 C.F.R. § 5.45 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), so long as the defendant fully complies with the requirements of *Touhy* and the applicable regulations. The government submits this response, however, to address several factual and legal

issues raised by the defendant's  motion, and to reiterate the government's position regarding the need to protect from public disclosure the sensitive information regarding the Vice President's secure location at the Capitol.

The Defendant asserts that "the government would not agree to provide identification information for a USSS witness with the relevant knowledge." ECF No. 79 at 2. That assertion is not correct.  The Defendant initially emailed the government asking whether the government would elicit testimony from a USSS witness at trial. As the Defendant indicated in his motion for a subpoena, the government stated that it could not provide an answer regarding whether it would elicit testimony from a USSS witness at trial before the trial started. ECF No. 79 at 1. The Defendant then indicated that he would serve a subpoena pursuant to *Touhy* to USSS. The government responded, as the Defendant acknowledges, that it has communicated with USSS regarding the availability of Lanelle Hawa from the USSS to appear for trial and would update the Defendant once it received any information regarding her availability. ECF No. 79 at 2. At no point did the government say that it did not agree to make a USSS witness available for the Defendant.

The Defendant also states that the government "would not agree to stipulate that the Vice President was not present in the Capitol Building after 2:28 p.m." ECF No. 79 at 2. The government did not agree to such a stipulation because it is not factually correct and, more importantly, the Vice President's presence at the precise moment of the defendant's breach is not an element of the charges alleged. First, as a factual matter, the government provided an affidavit from Sergeant Stephen James from the United States Capitol Police (USCP) in its February 4, 2022, filing. This affidavit makes clear that Vice President Pence remained within the restricted perimeter at all relevant times.  The Vice President exited the "Senate Chamber at approximately

2:26 pm and arrived at a secure location within the Capitol Complex at approximately 2:28 pm. The VP left the secure location at approximately 6:29 pm to return to the Senate Chamber." ECF No. 76 Att. 1. The Capitol Complex is defined by USCP as the Capitol Building and the Capitol Visitor Center. Both buildings were within the restricted area established on January 6.

Moreover, as a legal matter, the Vice President's exact location at the time that the Defendant entered the restricted Capitol grounds is irrelevant to the charged conduct. 18 U.S.C. § 1752 requires the government to prove that the Defendant entered a "restricted area of a building or grounds"[1] where a person protected by the Secret Service *is or will be* temporarily visiting.[2] The statute requires only that the government to prove that a USSS protectee was or would be visiting the building or grounds associated with the restricted area. There is nothing in the text of the statute or the elements of the offense that require the government to prove that at the exact moment the Defendant entered the restricted area the Vice President was also in the restricted area. In this case, Vice President Pence was, in fact, within the restricted building or grounds at the time of the defendant's breach, but the government is not required to prove that fact in order to establish a violation of section 1752.

Finally, should the defendant subpoena a USSS witness for trial, for the reasons set forth in the Government's Motion in Limine (ECF No. 72), the government reiterates that the defendant should be precluded from examining the USSS witness regarding the details of the location to which the Vice President was relocated during the riot or other sensitive matters concerning the USSS protocols for protection of high-level officials. Inquiry into those details is not necessary in

---

[1] The phrase "restricted area of a building or grounds" indicates that the statute contemplates that the USSS protectee could be outside the restricted area and the government is only required to prove that the *Defendant* entered the restricted area.
[2] On February 22, 2022, the government filed its Second Amended Information in this matter, removing any reference to the Vice President Elect from the charging language.

order to provide the defendant with an opportunity for effective cross-examination on the charges in this case.

## <u>CONCLUSION</u>

For the foregoing reasons, the government respectfully submits this response to the Defendant's Motion for a Subpoena.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:      /s/
Janani Iyengar
N.Y. Bar No. 5225990
Kimberly Paschall
D.C. Bar No. 1015665
Assistant United States Attorneys
555 Fourth Street, N.W., Room 4237
Washington, DC 20530
Janani.iyengar@usdoj.gov
(202) 252-7760