UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) ) |
| v. | ) Case No. 1:21-cr-92-TNM )  ) |
| COUY GRIFFIN, | )  ) |
| Defendant. | )  ) |

**GRIFFIN'S MOTION TO COMPEL PRODUCTION OF CCV FOOTAGE OR ALTERNATIVELY TO STRIKE WITNESS TESTIMONY**

Defendant Griffin moves the Court to compel production of CCV footage on which a government witness in this case relied in a sworn declaration submitted to the Court. To the extent the government relies on these or similar statements at trial, the Federal Rules of Evidence would prohibit such trial testimony under the best evidence rule. Fed. R. Evid. 1002. Accordingly, the Court should order the government to produce the CCV footage and, if it does not, any testimony based on the videos must be struck.

On February 4, the government filed the declaration of Sergeant Stephen T. James, a U.S. Capitol Police Officer. ECF No. 76-1. The government submitted the declaration to establish that "Vice President Pence remained in the Capitol Complex throughout the Capitol breach." ECF No. 76, p. 1. It did so because the offense with which it has charged Griffin requires it to prove that the defendant entered or remained in the "restricted building[] or grounds" when the vice president was "temporarily visiting." 18 U.S.C. § 1752(c)(1)(B).

Sergeant James' declaration is entirely based on his review of "relevant CCV footage." ECF No. 76-1, ¶¶ 2-4. Griffin has requested production of this CCV footage from the government on multiple occasions, pursuant to Local Criminal Rule 5.1 and Rule 16, noting that

1

any sensitivity concerns could be accommodated by the protective order entered in this case. The government has not responded to these requests. On March 8, the government served a discovery letter on Griffin that is dated March 4. The letter states that the government will not produce CCV footage depicting "evacuation routes and shelter-in-place locations utilized by . . . the Vice President, on January 6, 2021." The explanation given is that these videos "have been designated security information by the USCP Board. . ."

As Griffin has advised the Court, the government will not disclose to the defense or Court whether the government intends to prove its § 1752 charges through the testimony of a U.S. Secret Service agent or through the testimony of a U.S. Capitol Police Officer, like Sergeant James, whose knowledge is based on a review of CCV footage. Because the government may therefore offer testimony at trial with a view to establishing Vice President Pence's presence in the restricted "building or grounds" that is based on a review of CCV footage, the Court should order the government to produce the videos, initially pursuant to the protective order, under Local Criminal Rule 5.1 and Rule 16. Fed. R. Crim. P. 16(a)(1)(E).

If the government does not produce the videos, any testimony based on the CCV footage must be struck. *Buruca v. District of Columbia*, 902 F. Supp. 2d 75, 82 (D.D.C. 2012). "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. In *Buruca* a party attempted to offer testimony describing a security camera video's contents. But the videos were available and not submitted as evidence. Accordingly, this Court disallowed the party's testimony describing the videos. "'[T]he [best evidence] rule is a mechanism to prevent fraud or mistransmission of information, i.e., to ensure accuracy.'" *Buruca*, 902 F. Supp. 2d at 83 (quoting *United States v. Holton*, 116 F.3d 1536, 1545 (D.C. Cir. 1997)).

2

In sum, the Court should order the government to produce the CCV footage referenced in Sergeant James' declaration or on which any government trial witness relies. If it does not, and to the extent a witness relies on that footage, their testimony should be struck. *Buruca*, 902 F. Supp. 2d at 83.

Dated: March 8, 2022                                      Respectfully submitted,

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Appointed by the Court*

Nicholas D. Smith, VA Bar No. 79745
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 902-3869
nds@davidbsmithpllc.com

**Certificate of Service**

I hereby certify that on the 8th day of March, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> JANANI IYENGAR
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com