**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES**, <br><br> v. <br><br> **COUY GRIFFIN**, <br><br> Defendant. | Case No. 1:21-cr-92 (TNM) |

## <u>MEMORANDUM ORDER</u>

Before the Court are several pretrial motions in this misdemeanor matter.  These include:
ECF No. 67, Defendant's Motion for Discovery and for an Evidentiary Hearing; ECF No. 69, the
Government's Motion in Limine to Introduce Evidence Pursuant to FRE 803(6) & 902(11); *and*
ECF No. 72, the Government's Motion in Limine to Limit Cross-Examination.  The Court
considers each motion in turn.

**Defendant's Motion for Discovery and for an Evidentiary Hearing (ECF No. 67)**

In this Motion, Defendant Couy Griffin argues he has been unlawfully targeted for
prosecution because of his political views, and because he engaged in protected speech and
assembly.  *See* ECF No. 67, at 12.

It is axiomatic that the Government may not prosecute a defendant because of his
political beliefs.  *See Branch Ministries v. Rossotti*, 40 F. Supp. 2d 15, 21 (D.D.C. 1999), *aff'd,*
211 F.3d 137 (D.C. Cir. 2000).  To bring a "selective prosecution" claim like this one, a
defendant must make a two-part showing:  *First*, he must show the challenged prosecutorial
policy "had a discriminatory effect."  *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

*Second*, he must show the prosecutorial policy had "a discriminatory purpose." *Id.* at 465.[1] But "[f]ew subject are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016) (cleaned up). So "the presumption of regularity applies to prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that prosecutors have properly discharged their official duties." *Id.*

The thrust of the Defendant's selective prosecution/enforcement arguments is that he was picked out of a group of comparable protestors and targeted for his political speech. *See* ECF No. 67, at 12 ("Among the at least 2,000 protesters found outside the Capitol Building in the § 1752 'restricted area,' only those who entered the building or allegedly committed felony offenses outside it have been investigated and referred for prosecution under that statute—except Griffin."). This isn't the first time Griffin has made this kind of argument. *See* Mem. Op. on Mot. to Dismiss 12, ECF No. 41.

As the Court previously noted, "the Government could rationally forgo federal prosecutions as to most trespassers while deciding that Griffin's leadership role in the crowd, position as an elected official, and more blatant conduct at the scene merited him different treatment." *Id.* at 13. That holding may not be issue-preclusive of Griffin's selective-enforcement claim here, but the reasoning straightforwardly applies. In any case, Griffin's argument suffers from a faulty premise—many thousands of protestors at the Capitol were *also* engaging in political speech and assembly; it is illogical to say he was targeted for doing the

---

[1] Griffin notes that other circuits have adopted a lower standard for selective *enforcement* claims, as opposed to selective *prosecution* claims. *See* ECF No. 67, at 9 (citing, *inter alia*, *United States v. Davis*, 793 F.3d 712 (7th Cir. 2015) (en banc)). Even if the Court were to adopt that lower standard here, it would have no impact on its holding.

same.  And he ignores the fact that his position as an elected official puts him in a different—and non-protected—category from other rioters who may otherwise be similarly situated.

Without more, Griffin has not shown the kind of "clear evidence" necessary to rebut the presumption of regularity applying to enforcement/prosecution decisions.  *Fokker*, 818 F.3d at 741.

This Motion is accordingly **DENIED.**

### Government's Motion in Limine to Introduce Evidence Pursuant to 803(6) and 902(11) (ECF No. 69)

In this motion, the Government seeks to introduce a video memorializing the Defendant's statements about the events of January 6th, made during an Otero County Commissioner's meeting.  *See* ECF No. 69, at 1–2.   Defendant has not opposed this motion, so the Court treats it as conceded.

The Government's Motion is therefore **GRANTED.**

### Government's Motion in Limine to Limit Cross-Examination (ECF No. 72)

In this Motion, the Government asks the Court to limit cross-examination of one of its witnesses, a Secret Service agent.  Specifically, the Government seeks to prevent Griffin from asking about (1) information related to the location of Vice President Pence; (2) Secret Service protocols related to the locations where protectees or their motorcades are taken during emergencies; *and* (3) details about the nature of Secret Service VIP-protection operations.

As for categories (2) and (3), Griffin does not contest that such cross-examination would be inappropriate and immaterial to the question of guilt, or to the credibility of the Secret Service witness.  The Government's motion is therefore **GRANTED** as to those two categories.

Category (1) is a different story, however.  The Sixth Amendment guarantees "the right of an accused in a criminal prosecution to be confronted with the witnesses against him."  *Davis v. Alaska*, 415 U.S. 308, 315 (1974) (cleaned up).  The core of that right is cross-examination, "the principal means by which the believability of a witness and the truth of his testimony are tested."  *Id.* at 316.  Here, the Third Amended Information alleges Griffin "enter[ed] and remain[ed] in a restricted building and grounds . . . where the Vice President was."  TAC 1, ECF No. 85.  Whether the Vice President was present on the Capitol grounds is thus an essential question in Griffin's prosecution.  By extension, his Confrontation Clause interest in cross-examining the Government's witness on that point is at its zenith.  *See United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness to the government's case, the more important the defendant's right . . . to cross-examine the witness.").

In *Foster*, a police officer testified at a narcotics trial on his observations from a secret lookout.  *See* 986 F.2d at 542.  The defendant sought to cross examine the officer on the location of the lookout, but the trial court prohibited that line of questioning as barred by an "observation post privilege."  *Id.*  The D.C. Circuit disagreed.  In its view, the defendant had a Confrontation Clause right to examine the officer because his testimony was essential to the Government's case.  *Id.* at 543 ("The defense understandably wanted to cross-examine [the officer] about his estimate of the distance between him and [the defendant] and the angle of his view and his testimony that nothing blocked his line of sight. Without knowing the location of the observation post, the defense could not effectively probe the officer's memory or veracity about these

subjects.").  So too here—to mount a meaningful defense Griffin must be allowed to test the

veracity of the Government's contention that Vice President Pence was on the Capitol grounds

during the relevant period.  The Government's suggestion of an *ex-parte* submission is therefore

a non-starter.

　　　The Government responds that the Vice President's *precise* location ultimately doesn't

matter.  *See* Reply 1–2, ECF No. 75.  Perhaps, although the lack of clarity about the metes and

bounds of the restricted area and the Vice President's movements on January 6th undermine this

argument.

　　　More, the Government's evolving legal theory and factual assertions relating to the

Secret Service's protectees raise more questions than they answer.  As of May 2021, the

Amended Information alleged Vice President Pence *and* Vice President-elect Harris were at the

Capitol.  *See* ECF No. 31.  News media reported just days after January 6th that Vice President

Harris was not at the Capitol and watched the events unfold from a remote, secure location.[2]

And yet the Government didn't amend its Information to remove the misrepresentations about

Vice President Harris until more than a *year* later.  *See* Second Amend. Compl., ECF No. 80

(filed on 2/23/2022).  The Government has never explained how it got such a basic fact so wrong

---

[2]  Chelsea Janes, *For friends and allies of Kamala D. Harris, deadly Capitol attacks prompt fresh fears*, THE WASHINGTON POST (Jan. 14, 2021), https://www.washingtonpost.com/politics/harris-fears-safety/2021/01/13/bbd3d31a-54ff-11eb-a817-e5e7f8a406d0_story.html ("The day of the mob attack on the Capitol, Harris had received an intelligence briefing in the morning and had not returned to the Senate before rioters broke in. She was kept away from the Capitol until the facility was secured."); Noah Bierman, *Kamala Harris says nation will 'find a moment' to celebrate inauguration amid pandemic grief,* LOS ANGELES TIMES (Jan. 17, 2021), https://www.latimes.com/politics/story/2021-01-17/kamala-harris-speaks-with-the-times ("[Vice President-elect Harris] said she had been at the Capitol earlier that day for a meeting of the Senate Intelligence Committee and was working elsewhere in Washington when she was evacuated. She said she watched the mob enter the Capitol on television from a secure location . . . .").

for so long.  Presumably, it was relying on representations—and in felony cases, grand jury testimony—of Secret Service personnel.  Given all that, Griffin may probe the Government's evidence as to the location of Vice President Pence.[3]

The Government's Motion is **DENIED** as to category (1).

**SO ORDERED**.

Dated:  March 18, 2022

_____

TREVOR N. McFADDEN, U.S.D.J.

---

[3] Of course, the Government occasionally forgoes prosecution of cases or charges in order to maintain the confidentiality of sensitive information, such as informants' identities or law enforcement techniques.  It may choose to do so here, too, if it believes that protecting details surrounding the Vice President's whereabouts outweigh the prosecution of this non-violent misdemeanor case.