**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) | Case No. 1:21-cr-92-TNM |
| | ) ) ) | |
| COUY GRIFFIN, | ) ) | |
| Defendant. | ) ) | |

**GRIFFIN'S MOTION FOR JENCKS MATERIAL AND NOTICE OF GOVERNMENT'S**
**VIOLATION OF 18 U.S.C. § 3500**

Defendant Griffin moves the Court under 18 U.S.C. § 3500(b) to compel the government

to immediately produce statements from its witness, U.S. Secret Service Inspector Lanelle Hawa,

which relate to the subject matter of her required testimony.  The government's refusal to do so

defies two of the Court's orders.  For the reasons set forth below, Griffin will seek sanctions at

trial, at the appropriate time.

On March 9, the Court entered the following minute order:

> If the Government wishes to proceed on Count One of the Third Amended Information, it
> is hereby ORDERED to have a witness present at trial who can speak based on first-hand
> knowledge as to the whereabouts of former Vice President Pence during the alleged offense
> conduct.

3/9/2022 Minute Order.

Notwithstanding that Order, on March 17 the government again moved the Court to bar

Griffin from cross-examining any government witness as to the whereabouts of the former vice

president.  The government stated, "any Secret Service witness who testifies in this case will not

answer any questions about the precise location of the emergency relocation site to which the

Vice President was taken on January 6, 2021." ECF No. 90, p. 10.

1

Accordingly, on March 18 the Court again ordered that "Griffin may probe the Government's evidence as to the location of Vice President Pence." 3/18/2022 Order, ECF No. 92, p. 6.

At 5:30 p.m. the same day, Friday, March 18, the government produced to the defense statements from its U.S. Secret Service witness, Inspector Lanelle Hawa.  It called this a Jencks production.  Given the Court's March 9 and 18 Orders, the production is remarkable in several respects.  It has been submitted directly to chambers.  3/18/2022 Hawa Production, Exh. 1.

First, the government has designated the entire production "highly sensitive" under the protective order.  Thus, under the protective order Griffin may not disclose the witness statements in any public filing or in open court without the government's agreement or prior authorization by the Court.  Protective Order, ECF No. 29, p. 4.  As the government knew, no business days remained before trial.  Griffin was compelled to file the Hawa production under seal because of the government's sensitivity designation.

But that may be the least of the production's problems.  Begin with the scope of the materials.  It is not just the lack of Bates numbering that suggests these witness statements were thrown together at the last minute.  Hawa's produced statements have been limited to emails sent on 1/6/21 alone.  But the government must produce "any statement of the witness in the possession of the United States which relates to the subject matter" of the Court's March 9 and 18 Orders.  § 3500(b).  Unless Hawa never issued a written statement about her work on January 6 again, the government has almost certainly made no effort to fully comply with its Jencks obligations.  Griffin put the government on notice that this particular U.S. Secret Service agent would be a witness over a month ago.  ECF No. 79.

More troubling still, the government's "Jencks" material contains redactions covering

virtually every substantive statement made by its U.S. Secret Service witness on January 6 itself.

Exh. 1.  As the production does not bear Bates numbering, Griffin will direct the Court's

attention to PDF page numbers in the production.  The Court will notice, first, that all of the

email statements pertain to the U.S. Secret Service witness's actions on January 6, 2021 relating

to the movement of the former vice president in the Capitol.  There is no argument whatsoever

that the witness's statements do not "relate to the subject matter" outlined in the Court's March 9

and March 18 Orders. § 3500(b).

Turn to PDF pages 21 to 22, where the Court will see Hawa's 1/6/21 emails at 3:00 p.m.,

3:05 p.m., 3:34 p.m., 4:07 p.m. and 5:23 p.m. The Court will notice that redactions appear to

cover subject matter directly relating to the Court's March 9 and 18 Orders.  Exh. 1, p. 21.  A

couple of pages later, the Court will notice another highly significant Hawa email at 5:32 p.m.

Exh. 1, p. 24.  Several indicators suggest these redactions are an attempt to avoid the Court's

Orders.  The government has already indicated in this case that the vice president left the Capitol

Building and arrived in the distinct "Capitol Complex" by 2:28 p.m.  Declaration of Sergeant

James, ECF No. 76-1.  Hawa's statements thus encompass the period in which the vice president

was relocated from the Capitol Building.  In addition, unredacted words strongly suggest that the

redacted language is relevant to the Court's Orders:

Exh. 1, pp. 21-24.

Ten minutes after receiving the Hawa materials on Friday, March 18, Griffin asked the

government to justify the redactions with a privilege and asked whether the government claimed

a classification excuse for nonproduction.  He inquired whether the redacted information

pertained to the subject matter of the Court's March 9 and 18 Orders or information that might

lead to the discovery of additional information relevant to that subject matter.

Griffin noted that because the materials were designated "highly sensitive" and bear

heavy redactions, and because no time remains before trial, the production necessarily prejudices

his ability to prepare for trial.  Even if the government's U.S. Secret Service witness were to

comply with the Court's Orders and testify to relevant subject matter at trial, its Jencks Act

violations severely prejudice Griffin's ability to cross-examine the witness.  Griffin demanded

unredacted and complete statements from the witness "relat[ing] to the subject matter as to which

the witness" is required to testify pursuant to the March 9 and 18 Orders.  § 3500(b).

As of the filing of this motion, the government has not responded to Griffin's Jencks

requests even as it has sent communications to Griffin's counsel concerning other matters.

The government has already breached section (b) of § 3500.[1]  Well in advance of the

government's Jencks production, the Court ruled that "[i]f the Government wishes to proceed on

Count One of the Third Amended Information, it is hereby ORDERED to have a witness present

---

[1] Section (b) states that, "[a]fter a witness called by the United States has testified on direct examination" the Court may order the government to produce any statement of the witness in the government's possession that "relates to the subject matter as to which the witness has testified." § 3500(b).  Here, however, the Court has ordered that if the government wishes to proceed on Count One of the Third Amended Information, the witness's testimony shall encompass "the whereabouts of former Vice President Pence during the alleged offense conduct." 3/9/2022 Minute Order.  Thus, in this circumstance, the "subject matter" of the witness's required testimony is already known before the witness has been called, as the government has elected to proceed on Count One.

at trial who can speak based on first-hand knowledge as to the whereabouts of former Vice President Pence during the alleged offense conduct." 3/9/2022 Minute Order.  The Court was thus necessarily ordering the government "to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness" would necessarily testify.  § 3500(b).  The government's redactions are an attempt to take for itself what the Court twice disallowed: restrictions on Griffin's Confrontation Clause right to cross-examine the government's witness.

Even if the Court were to order the government to remove the redactions and sensitivity designation the morning of trial, Griffin would have no time to review the material to make proper use of it, as the government knows.  This is a one-day bench trial and there are other witnesses and evidence with which Griffin must deal.  For example, as Griffin will show in a related motion, the government also produced nearly 80 new January 6 video clips of Griffin on Thursday, March 17—fewer than two business days before trial.  The last-minute production was the government's fault alone: it served a trial subpoena on the videographer witness Matt Struck on Wednesday, March 16—because it neglected to previously ask the witness for the right video files.  Now the government is attempting, absurdly, to use the new files as last-minute evidence.  Though this misdemeanor case is over a year old, the government is scrambling to put it together the weekend before trial.  This is fundamentally prejudicial to Griffin's due process rights.

The government's redacted, "highly sensitive" production of one day of statements from a key trial witness with no time remaining to resolve the dispute is an open violation of the Jencks Act, this Court's Orders, and Local Criminal Rule 5.1.  LCrR 5.1(b)(4), (5) (impeachment information must be produced "as soon as reasonably possible after its existence is known"). The Act provides statutory remedies for the government's violations of § 3500(b), as does Rule 5.1.

LCrR 5.1(g).   There is no argument that the Hawa production is consistent with the Court's

March 9 and 18 Orders.  Accordingly, Griffin moves the Court to compel immediate production

of the redacted Hawa statements, as well as all other relevant unproduced Hawa statements

relating to the subject matter of her required testimony.  The government should be required to

represent that it possesses no other relevant statements from Hawa pertaining to the Court's

Orders.

More to the point, because there is no time remaining before trial, Griffin will seek a

sanction at the appropriate time during trial.  §3500(d).

Dated: March 19, 2022                                   Respectfully submitted,


                                                        */s/ David B. Smith*
                                                        David B. Smith (D.C. Bar No. 403068)
                                                        108 N. Alfred St.
                                                        Alexandria, VA 22314
                                                        Phone:(703)548-8911
                                                        Fax:(703)548-8935
                                                        dbs@davidbsmithpllc.com

                                                        Nicholas D. Smith (D.C. Bar No. 1029802)
                                                        7 East 20th Street
                                                        New York, NY 10003
                                                        Phone: (917) 902-3869
                                                        nds@davidbsmithpllc.com

                                                        *Attorneys for Couy Griffin*


### Certificate of Service

I hereby certify that on the third day of March 19, 2022, I filed the foregoing motion with

the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following CM/ECF user(s):


        Janani Iyengar
        Assistant United States Attorney
        555 4th Street, N.W., Room 4408

                                                                                        6

Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

*Attorneys for Couy Griffin*