# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:21-cr-92-TNM |
| | ) |
| COUY GRIFFIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## GRIFFIN'S MOTION FOR DISCOVERY SANCTIONS UNDER RULE 16 AND LOCAL CRIMINAL RULE 5.1

Defendant Griffin moves the Court for discovery sanctions under Fed. R. Crim. P. 16(d)(2) and Local Criminal Rule 5.1. Though this misdemeanor case is over a year old, the government is scrambling to put it together the weekend before trial. It continues to make discovery productions and add to its exhibit list—with no business days remaining before trial. This is fundamentally prejudicial to Griffin's due process rights and a waste of the Court's resources. The government's last-minute productions also include *Brady* material that should have been produced long ago. As explained below, the Court should strike proposed government exhibits and witnesses.

On March 11, the government produced what it called a "Final Trial Exhibits" list to Griffin. Over the course of several email communications the government confirmed that this was its final list of exhibits and witnesses.

Yet, on Thursday, March 17, with one business day remaining before trial, the government produced nearly 80 new video files depicting Griffin on and before January 6, 2021, filmed by the government's witness, videographer Matt Struck. The government represented that

1

the reason it was only then producing the files to the defense was that it had just come into their possession.  Asked why the files just came into its possession, the government did not provide a response to Griffin.  On March 17, Griffin immediately responded to the government that it would be inappropriate to attempt to use the video files at trial given that his counsel did not have time to review them, much less discuss them with his client, in time for trial.  Griffin inquired whether the government intended to use any of the newly produced files at trial.  The government did not respond that day.

On Friday, March 18, after the close of business hours, the government informed Griffin's counsel that it would attempt to introduce multiple video files into evidence from the production it made to the defense one day before.  Griffin's counsel advised the government that, not only did he not have time to review all of the almost 80 video files, they were not properly downloading collectively from the discovery site, that each file had to be manually downloaded individually.  He also advised that it was impossible to confer with Griffin about the evidence because the defendant was on the road traveling to the district for trial and did not have access to a device to review the evidence—while driving.

On Saturday, March 19, the government uploaded multiple new video file exhibits to the discovery site, including a 50-minute video montage involving Griffin.  The 50-minute montage is on top of the nearly 80 new video files the government expects the defendant to review the weekend before trial as he prepares his defense to the "Final Trial Exhibits" produced on March 11.  On Saturday, March 19, the government advised that this 50-minute montage is merely "a stitched together version" of previously produced video exhibits.  Griffin responded that the prejudice to him is not cured by characterizing the 50-minute montage as a "stitched together version" of other exhibits because (a) counsel may not simply assume the government is

accurately characterizing the 50-minute video but rather he must review it and cross-check it against dozens of previously produced video files and (b) the constituent video files are separated by time gaps, so "stitching" them together may create a false impression of reality.

Also on Saturday, March 19, at 2:51 p.m., the government obliquely suggested the March 17 production of nearly 80 video files contained *Brady* material, including Griffin's statements "regarding the whereabouts of Vice President Pence." Griffin's counsel advised the government that it should be more specific because he was having trouble downloading all of the video files produced on March 17.  The government did not respond.  Griffin's counsel subsequently viewed a newly produced video file, filmed the night of January 6, in which Griffin shows he believed that the vice president had left the Capitol before Griffin reached the Capitol grounds.

Counsel subsequently learned the reason why the government purportedly did not "possess" the new video evidence until recently.  The government had failed to serve a subpoena for the files—on its own trial witness, Struck, until Wednesday, March 16, two business days before trial.  Worse, the government needed a trial subpoena in the first place because it had neglected to ask its own witness relevant questions.  The government had previously asked the witness Struck to provide videos filmed specifically between the end of former President Trump's speech at the January 6 rally through Griffin's departure from the Capitol.  It had never even asked Struck for video files filmed before that point.  After serving a subpoena on its own trial witness two business days before trial, the government received nearly 80 additional video files.

Previously, on March 8, Griffin had notified the Court that he was concerned about the government's ability to timely notify the defense of its exhibits and witnesses, particularly as there was not a scheduling order in place. The same day, the Court advised the parties that if the

defense believes the government has not complied with its discovery obligations in a "reasonably timely manner" it may file a short Rule 16(d)(2) motion.

Under Rule 16, the government must timely produce to the defense, upon its request, any recorded statement by the defendant and any recordings it intends to use in its case-in-chief at trial, which are within the government's "possession, custody or control." Fed. R. Crim. P. 16(a)(1)(B), (a)(1)(E)(ii). "The 'control' prong of the Rule 16 test generally focuses on the fairness to the defendants rather than the semantics of whether or not the prosecutors actually hold the evidence at the time that it should be produced." *United States v. Archbold-Manner*, 581 F. Supp. 2d 22, 24 (D.D.C. 2008) (Lamberth, C.J.) (citing *United States v. Libby*, 429 F. Supp. 2d 1, 5 (D.D.C. 2006)). In *Archbold-Manner*, for example, this Court held that the government "controlled" Rule 16 materials at the point at which "the discovery could have been obtained" by the government's reasonable diligence. 581 F. Supp. 2d at 25. As to timing, Rule 16 concerns production of information that is "material 'to *the preparation of* the defendant's defense.'" *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (emphasis original) (analyzing former Rule 16(a)(1)(C) which is now Rule 16(a)(1)(E)). Thus, the government's production must be timely enough to facilitate reasonable preparation of the defense. That is why "a party who discovers additional evidence or material before . . .trial must promptly disclose its existence to the other party" if it constitutes Rule 16 material. Fed. R. Crim. P. 16(c).

Rule 16 provides that if the government fails to comply with the rule, the court may "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(C). The "district court has wide discretion in imposing a sanction if it finds that Rule 16 has been violated." *Marshall*, 132 F.3d at 69.

Local Criminal Rule 5.1 requires the government to produce to the defense "information

that is inconsistent with or tends to negate the defendant's guilt as to any element . . .of the offense(s) with which the defendant is charged." LCrR 5.1(b)(1).  The government must "make good faith efforts to disclose such information to the defense as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the *preparation* of its case." LCrR 5.1(a) (emphasis added).

Here, the Court should prohibit the government from introducing evidence that was produced to the defense after providing its "Final Exhibits List" to Griffin on March 11 and representing to Griffin multiple times this was the final exhibit list.  *The government first interviewed Struck on January 11, 2021.*  He is the government's own witness.  There is simply no excuse for the government's failure to request the new video files it wishes to introduce into evidence from Struck at any point between January 11, 2021 and two business days before trial in March 2022.  Nor is there any excuse for its failure to serve a subpoena on Struck until Wednesday, March 17.  *Archbold-Manner*, 581 F. Supp. 2d at 24.  Griffin was charged over a year ago.  Since that time, the government has sought a great many continuances of the case, over Griffin's repeated Speedy Trial Act objections.  Given that delay, forcing the defendant to continue the trial once again, after he has driven across the country and made accommodations at his expense, would be an entirely inappropriate remedy for the government's last-minute Rule 16 productions attributable to its own lack of diligence.  A trial continuance would not sanction but would reward the Rule 16 violations.

As for the 50-minute "montage" video it produced to the defense on Saturday, March 19, there is similarly no excuse for not previously putting together this montage and producing it to the defense at any point preceding the Saturday before trial, in this case which is over a year old.

Then there is the government's last-minute production of the aforementioned *Brady*

material.  Just as the government long had Rule 16 "control" over Struck's new video files because the exercise of reasonable diligence would have secured the files from its own witness well in advance of March 16 (when it subpoenaed Struck), it also had control over the new video file containing the *Brady* material.  Griffin long ago put the government on notice that evidence showing his lack of knowledge of the vice president's presence in the Capitol would constitute *Brady* material.  *E.g.*, ECF No. 66 (filed on January 4, 2022).  Yet the government did not "disclose such information to the defense as soon as reasonably possible" such that the defense could "make effective use of the disclosed information in the preparation of its case." LCrR 5.1(a).  The government's mistaken scienter argument in its trial brief, filed on March 17, that Griffin need not have had knowledge of the USSS protectee's presence in the "restricted building or grounds" should be viewed in light of the government's later, belated disclosure, on March 19, that the March 17 video production may contain *Brady* material.

Local Rule 5.1 provides that if the government fails to comply with the rule, the Court may "impose evidentiary sanctions." LCrR 5.1(g)(3).  Given the importance of the *Brady* material to Griffin's case and the corresponding prejudice owing to its last-minute production to the defense attributable to a lack of reasonable diligence on the part of the government, Griffin moves the Court to strike the government's witnesses in this nonviolent misdemeanor case.

Dated: March 19, 2022                    Respectfully submitted,


                                         */s/ David B. Smith*
                                         David B. Smith (D.C. Bar No. 403068)
                                         108 N. Alfred St.
                                         Alexandria, VA 22314
                                         Phone:(703)548-8911
                                         Fax:(703)548-8935
                                         dbs@davidbsmithpllc.com

                                         Nicholas D. Smith (D.C. Bar No. 1029802)

7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Attorneys for Couy Griffin*

### Certificate of Service

I hereby certify that on the third day of March 19, 2022, I filed the foregoing motion with

the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following CM/ECF user(s):

> Janani Iyengar
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class

postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com