UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) ) ) ) | Case No. 1:21-cr-92-TNM |
| COUY GRIFFIN, | ) ) ) | |
| Defendant. | ) ) | |

**GRIFFIN'S MOTION IN LIMINE TO EXCLUDE THE GOVERNMENT'S JANUARY 6 GENERIC MONTAGE EXHIBITS**

Defendant Griffin files this motion in limine to exclude two lengthy montage video exhibits from trial under Fed. R. Evid. 401 and 403.

The government has created two video montage exhibits for use in every trial concerning January 6. A great deal of time and money was spent creating the videos judging by their relatively high production values for government work. Griffin believes the exhibits are labeled Exhibits 72 and 73—though it is hard to say with certainty as the government continues to add to its exhibits and renumber them the weekend before trial.

Exhibit 73 is what the government calls the U.S. Capitol Police Montage. It runs over 20 minutes in length. The purpose of the exhibit is to walk the factfinder through a highlight reel of the most inflammatory moments of January 6 caught on film in dozens of places around the Capitol. It depicts image after image of property destruction, confrontations with law enforcement, and assault. The government aims to play this one-size-fits-all montage in every trial, regardless of whether the defendant: was involved in or even saw any of the depicted episodes, entered the Capitol, confronted or disobeyed law enforcement, or committed or aided

1

and abetted the property destruction or assaults depicted in the montage.

To analyze the U.S. Capitol Police Montage through the rubric of the Federal Rules of Evidence is to miss a larger point.  The montage is not merely improper evidence; it invites the Court to ignore the basic criminal law principle forbidding collective punishment, that defendants are to be judged as individuals.  It is reminiscent of the "Ludovico Technique" in the film *A Clockwork Orange*, where technicians require the captive protagonist to watch uninterrupted violence montages in order to condition his beliefs.

The government says that Griffin may not move to exclude this exhibit under Rule 403 because "unfair prejudice" has "no logical application to bench trials." ECF No. 90, p. 8.  Setting aside the psychological "logic" of any such apparent rule (judges are humans too), the issue is not just unfair prejudice but relevance, confusion of the issues, undue delay, waste of time, and needlessly presenting cumulative evidence.  Fed. R. Evid. 401, 403.  The Court knows what happened on January 6 *generally*.  Griffin was not involved in any of the U.S. Capitol Police Montage's constituent clips.  He did not enter the Capitol, destroy property, or assault anyone.  He did not incite or aid and abet those activities.  The government does not allege otherwise.  Slickly produced videos of those things are therefore irrelevant in this case and confuse the issues.  Given that trial is limited to one day only, and that the government may struggle to get through its witnesses without lengthy violence montages not concerning Griffin, the exhibit also causes undue delay, is a waste of time, and needlessly presents cumulative evidence.  It would cut into Griffin's cross-examination time and therefore prejudice his Sixth Amendment right to confront the witnesses against him on the actual issues involved in this case.

Similarly, the Court should exclude Exhibit 72, called the "Official Proceeding Montage." Like the U.S. Capitol Police Montage, the Official Proceeding Montage is an off-the-

2

rack suit, designed for use in every January 6 trial regardless of the facts or allegations in the particular case. Its function is to explain to the factfinder the constitutional basis for the joint session of Congress on January 6, describe the Elector Clause of and the Twelfth Amendment to the Constitution, and to show the President of the Senate and the Speaker of the House gaveling the joint session in and out of recess on January 6.

The Official Proceeding Montage is irrelevant here because Griffin's charges do not turn on Twelfth Amendment and Elector Clause niceties. The Court does not need to be educated on these points which just confuse the issues. Even if the exhibit were somehow marginally relevant, any probative value would be substantially outweighed by undue delay, waste of time, and needless presentation of cumulative evidence. As with the U.S. Capitol Police Montage, the Official Proceeding Montage would cut into Griffin's cross-examination time and therefore prejudice his Sixth Amendment right to confront the witnesses against him.

Dated: March 19, 2022                        Respectfully submitted,


*/s/ David B. Smith*
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Attorneys for Couy Griffin*

**Certificate of Service**

I hereby certify that on the third day of March 19, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Janani Iyengar
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, VA Bar No. 25930
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com