IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO. 21-CR-092 (TNM) |
| COUY GRIFFIN, | |
| Defendant. | |

**GOVERNMENT'S MOTION FOR CLARIFICATION**

The United States seeks clarification of the Court's March 18, 2022 Memorandum Order [Dkt. # 92] ("Order").

In the Order, the Court granted the government's request to preclude cross-examination regarding the following: (1) "Secret Service [USSS] protocols related to the locations where protectees or their motorcades are taken during emergencies" and (2) "details about the nature of Secret Service VIP-protection operations." *Id.* at 3. The Court, however, denied the government's request to preclude cross-examination regarding "information related to the location of Vice President Pence . . . ." *Id.*

The government understands that certain information regarding the Vice President's location on January 6, 2021, may be relevant.[1] The defendant is charged with violations of 18

---

[1] The relevance of such evidence should be evaluated within the full context of the statute which reflects that a "restricted building or grounds" is not limited to the location where the Vice President was actually present; instead, it includes locations where he "will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). *See* Third Amended Information [Dkt. #85]. Accordingly, the government can prove the charged offenses without establishing that the Vice President was actually present at the Capitol on January 6, 2021 at the time of the defendant's alleged offense.

Nevertheless, evidence the government will adduce at trial makes clear that Vice President Pence was in the Senate Chamber in the early afternoon on January 6, 2021, and he returned to the Senate Chamber later that evening. The Vice President was evacuated from the chamber by the USSS due to the breach of the Capitol. He was scheduled to return and, indeed, did return once

U.S.C. §§ 1752(a)(1) & (2). Both offenses involve entering a "restricted building or grounds," which is defined as any posted, cordoned off, or otherwise restricted area of a building or grounds where the Vice President is or will be temporarily visiting. 18 U.S.C. § 1752(c)(1)(B) & (2).

By precluding the defendant from eliciting testimony regarding "locations where protectees . . . are taken during emergencies" or "details about the nature of Secret Service VIP-protection operations" (Order at 4), the Court has held that certain information regarding the Vice President's whereabouts on January 6 should not be adduced. Additionally, testimony regarding the precise location of the Vice President following his emergency evacuation from the Senate Chamber on January 6, 2021, is both irrelevant to the charged offenses and potentially harmful to the USSS's ability to protect the Vice President and others in the future. Accordingly, we ask the Court to clarify that, while the defendant may elicit testimony related to the Vice President's location on January 6, 2021, that does not mean that he may elicit testimony to establish the Vice President's precise location at all times that day—specifically, those instances where such testimony would reveal "locations where protectees . . . are taken during emergencies" in violation of the Order.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney

By:     /s/
Janani Iyengar
NY Bar No. 5225990
Kimberly L. Paschall
D.C. Bar No. 1015665

---

the Capitol was secured. This alone establishes that the Capitol and its grounds were a restricted area at the time of the charged offenses because, at the very least, it was a location where the Vice President "will be temporarily visiting."

Assistant United States Attorneys
555 Fourth Street, N.W., Room 4237
Washington, DC 20530
Janani.iyengar@usdoj.gov
(202) 252-7760