UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-92-TNM |
| | ) |
| COUY GRIFFIN, | ) |
| | ) |
| Defendant. | ) |

**GRIFFIN'S MOTION FOR JUDGMENT OF ACQUITTAL REGARDING "TEMPORARILY VISITING" ELEMENT**

Griffin moves the Court for a judgment of acquittal on both counts of the Third Amended Information because the sole U.S. Secret Service (USSS) protectee at issue, the vice president, was not "temporarily visiting" the Capitol on January 6 even if he was present. Rather, as Judge Nichols observed in a recent hearing, the vice president has a permanent office in the Capitol Building, serves as President of the Senate, and that is the role in which Vice President Pence presided at the Capitol on January 6. *U.S. v. Fischer*, 21-cr-234-CJN (D.D.C. 2021), 2/28/2022 Tr. 3:15-25, Exh. 1. Just as the judge would not "temporarily visit my chambers," the vice president does not "visit" his own office at the Capitol, particularly when he is in his role as President of the Senate, as on January 6. Exh. 1, p. 19.

Judge Nichols did not reach the "temporarily visiting" issue in a subsequent opinion resolving a defendant's motion to dismiss a § 1752 charge, but that was only because the government announced it would add additional USSS protectees to its indictment, including members of Vice President Pence's family. *Fischer*, 21-cr-234-CJN, 3/15/21 Opinion. Here, the government has not added any other USSS protectees to the Information and Griffin may not be

1

retried.

Rule 29 permits a district court to enter a judgment of acquittal on any count of conviction if it finds that the evidence on that count is "insufficient to sustain a conviction." Fed. R. Crim. P. 29.

To determine the legislative intent of a law, courts "always [] begin with the text of the statute." *Am. Fed'n of Gov't Emps. AFL-CIO, Local 3669 v. Shinseki*, 709 F.3d 29, 33 (D.C. Cir. 2013). "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . .the sole function of the courts is to enforce it according to its terms." *United States v. Hite*, 769 F.3d 1154, 1160 (D.C. Cir. 2014).

Both counts of the Third Amended Information require the government to prove beyond a reasonable doubt that Griffin entered or remained in "a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). Here, the only "person protected by the Secret Service" alleged in the Third Amended Information is Vice President Pence. But Vice President Pence was not "temporarily visiting" the Capitol on January 6. Like all vice presidents, he had a permanent office in the United States Capitol and its grounds in his capacity as President of the Senate.

As evidence at trial demonstrated, on January 6, Vice President Pence was *working*. He was presiding in the Senate chamber to count electoral certificates. Nor did Vice President Pence infrequently use his Capitol office. In his capacity as President of the Senate, he was employed at his office in the Capitol to break at least 12 ties in that chamber of Congress during his term in office. No evidence presented by the government at trial demonstrated in what conceivable sense the President of the Senate "visits" his own place of employment.

In the *Fischer* hearing mentioned above, Judge Nichols showed how inconsistent it is

with the plain meaning of the term "visiting" to apply it to the President of the Senate in this context. Would a judge "temporarily visit" his own chambers if he were coming in irregularly during the Covid-19 pandemic? Exh. 1, pp. 19-20. And when would the judge's visits start to become not temporary visits? When he came in every week? *Id.*, p. 20. To these questions, the government offered the following unpersuasive response: the government's "view is that you're always temporarily visiting your chambers because you're going there—each time you're going there, you're going there for a limited time for a limited purpose." *Id.*

> THE COURT: So other than a permanent residence, I'm temporarily visiting every single other place in the world, no matter how frequent and no matter for how long. If I work 365 days a year in this courthouse, would I be temporarily visiting every time I came?
>
> THE GOVERNMENT: Yes. Yes, Your Honor. You would be.

Exh. 1, p. 20.

The Court went on to make an important distinction. A determination that the vice president does not "temporarily visit" his own office under § 1752(c)(1)(B) does not imply that he is any less protected by the USSS. "It's not that the vice president would be unprotected. It would be that this one particular criminal statute might not apply because of the unique nature of the vice president in our constitutional structure, he may have actually not been temporarily visiting this one particular location. It could be a very sui, sui, sui generis situation." Exh. 1, p. 18:12-18.

Ultimately the Court effectively indicated that it would dismiss the § 1752 charge in *Fischer* if the government did not promptly add to the indictment Vice President Pence's family members who were also present at the Capitol on January 6 and were USSS protectees. Exh. 1, pp. 23-24; 26 ("I get that [the government's] view is [that] office is irrelevant because every person in the world is essentially temporarily visiting his or her office. But again assuming that I

3

don't agree with that. . .").

Judge Nichols' view coincides with all or nearly all reported § 1752 cases, which involve Secret Service protectees visiting places where they do not work and hold offices. *E.g.*, *United States v. Bursey*, 416 F.3d 301 (4th Cir. 2005) (president visiting rally at airport); *United States v. Junot*, 902 F.2d 1580 (9th Cir. 1990) (president speaking at a rally in a park); *Blair v. City of Evansville, Ind.*, 361 F. Supp. 2d 846 (S.D. Ind. 2005) (defendant charged with 18 U.S.C. § 1752 during vice president's visit to the Centre in Evansville). These cases all involve the president and vice president traveling outside of the District of Columbia and "visiting" that area for a "temporary" purpose, consistent with the plain meaning of § 1752(c)(1)(B).

Vice President Pence was not traveling to a speaking event or political rally on January 6. He was performing a duty of his office in a building where he had a permanent office. Based on the plain language of § 1752, he was not "temporarily visiting" the Capitol Building. Accordingly, a judgment of acquittal must be entered on both counts of the Third Amended Information.

Dated: March 21, 2022                               Respectfully submitted,


                                                    */s/ David B. Smith*
                                                    David B. Smith (D.C. Bar No. 403068)
                                                    108 N. Alfred St.
                                                    Alexandria, VA 22314
                                                    Phone:(703)548-8911
                                                    Fax:(703)548-8935
                                                    dbs@davidbsmithpllc.com

                                                    Nicholas D. Smith (D.C. Bar No. 1029802)
                                                    7 East 20th Street
                                                    New York, NY 10003
                                                    Phone: (917) 902-3869
                                                    nds@davidbsmithpllc.com

                                                    *Attorneys for Couy Griffin*