

# COUNTY OF OTERO, NEW MEXICO
# REGULAR MEETING AGENDA

County Administration Building
1101 New York Avenue, Room 123
Thursday, June 9, 2022 - 9:00 AM

**Commission Chairman:  Vickie Marquardt, District 3**
**Commission Vice-Chairman: Gerald Matherly, District 1**
**Commission Member:  Couy Griffin, District 2**

### CALL TO ORDER & ROLL CALL
### INVOCATION
### PLEDGE OF ALLEGIANCE

"I pledge allegiance to the flag of the United States of America, and to the republic for which it stands, one nation under God, indivisible, with liberty and justice for all."

### SALUTE TO THE FLAG OF NEW MEXICO

"I salute the flag of the state of New Mexico, the Zia symbol of perfect friendship among united cultures."

### APPROVAL OF AGENDA

All items marked "CA" will be approved by a single motion, these items on the "Consent Agenda" are considered routine and should not require further discussion.  Items can be removed at the request of a Commissioner.

**Sheriff's Office Report;**

**Emergency Services Report:**

**Road Department Report:**

**Project Manager Report:**

EXHIBIT 1

**Detention Center Report:**

**Public Hearings: (9:05 am)**
1	Discuss, hear public comment and consider approval of preliminary plat Chaparral Desert Hill No. 2.

**CA Consent Agenda:**

CA2	Request approval of Accounts Payable Bills Lists BL#44, BL#45, BL#46, and BL#47. Submitted by: Julianne Hall, Finance Director

CA3	Request approval of Resolution #06-09-22/110-50 Budget Adjustments - Operating Expenses, Wildland Fire Reimbursement, and Grant. Submitted by: Julianne Hall, Finance Director

CA4	Request approval of Resolution #06-09-22/110-53 approving the Subdivision Administrative Fees for 2022/23. Submitted by: Sylvia Tillbrook, Planning Coordinator

CA5	Request approval of May 3, 2022 Special Meeting Minutes. Submitted by: Robyn Holmes, County Clerk

CA6	Request approval of May 5, 2022 Special Meeting Minutes. Submitted by: Robyn Holmes, County Clerk

CA7	Request approval of  May 5, 2022 Special Meeting Minutes. Submitted by: Robyn Holmes, County Clerk

CA8	Request approval of May 9, 2022 Special Meeting Minutes. Submitted by: Robyn Holmes, County Clerk

CA9	Request approval of May 12, 2022 Regular Meeting Minutes. Submitted by: Robyn Holmes, County Clerk

CA10	Request approval of May 23, 2022 Special Meeting MInutes. Submitted by: Robyn Holmes, County Clerk

CA11	Request approval of Financial Reports for Quarter Ending March 31, 2022. Submitted by: Julianne Hall, Finance Director

CA12	Request approval of Amendment 2 to CYFD Agreement for Juvenile Justice System Grant FY2022-2023. Submitted by: Julianne Hall, Finance Director

CA13	Request approval to award RFP 22-016 Auditor Service Contract, to Kriegel/Gray/Shaw & Co.,PC. This is one year contract with the option to renew for an additional year not to exceed a total of two (2) years. The amount of the contract is for ($53,225.00) including all taxes. per year. Total cost for two (2) years is ($106,450.00). Submitted by: Ginger Herndon, Purchasing Agent

CA14	Request approval for fire departments to apply for the Assistance to Firefighters Grant Program through FEMA. Submitted by: Matt Clark, Emergency Services Director

| | |
|---|---|
| CA15 | Request approval of the renewal of premium and coverage summary for both the Worker's Compensation and AD&D for the volunteer fire departments. Submitted by: Matt Clark, Emergency Services Director |
| CA16 | Request approval to submit annual applications to the New Mexico Fire Protection Grant Council for County and Municipal fire departments for the funding of special projects. Submitted by: Matt Clark, Emergency Services Director |

**Scheduled Citizen Communications:**

| | |
|---|---|
| 17 | Chuck Andreas would like to discuss the problems and urgent issues with the Alamorgodo Public Schools. |

**Unscheduled Citizen Communications: (Limited to 3 Minutes)**

| | |
|---|---|
| 18 | The issues raised during "Unscheduled Citizen Communication" are not action items and shall not be entitled to decision making by the Otero County Commission at the meeting where they are first raised. These items must pertain to County business, which cannot wait until the next regularly scheduled meeting. |

**New Business:**

| | |
|---|---|
| 19 | Request approval of Resolution #06-09-22/110-51 Updating the Travel and Per Diem Rates for FY23. Submitted by: Julianne Hall, Finance Director |
| 20 | Request approval of Resolution #06-09-22/110-52 Presentation and Approval of the FY2021 Financial Audit. Submitted by: Julianne Hall, Finance Director |
| 21 | Request approval for R.B. Nichols, County Attorney to draft a cease and desist order against the USFS water enclosures currently being built. Grounds and standing to be provided thru the US Supreme Court Decision. Submitted by: Couy Griffin, Commissioner |
| 22 | Request approval to hand counting all ballots cast inside the Dominion Voting System to verify vote count of machine after the June 7th primary. Submitted by: Couy Griffin, Commissioner |
| 23 | Request approval to remove all election ballot drop boxes from the public square in an attempt to secure our election in 2022. Submitted by: Couy Griffin, Commissioner |
| 24 | Request approval to discontinue the use of Dominion Voting Machines before the 2022 General Election. Submitted by: Couy Griffin, Commissioner |
| 25 | Request approval of the negotiated Union contract between Otero County and New Mexico Coalition of Public Safety Officers. Submitted by: Cassie Green, Human Resources Director |
| 26 | Request Approval to award Sealed Bid 22-022 Chain-link fence to Mirador for the amount of( $42,460.00) plus all applicable taxes. Submitted by: Ginger Herndon, Purchasing Agent |

**Commission Discussion/Correspondence:**

   A. **Gerald Matherly - (District 1)**
   B. **Couy Griffin - (District 2)**
   C. **Vickie Marquardt – (District 3)**

**County Manager's Report:**

**County Attorney's Report:**

*NOTE*: *Commission always reserves the right to adjust the agenda as needed to better serve the public.*

## EXECUTIVE SESSION:
1. Pending/Threatened Litigation
   a. Courthouse

## ADJOURNMENT

**STATE OF NEW MEXICO**
OFFICE OF THE ATTORNEY GENERAL



HECTOR H. BALDERAS
ATTORNEY GENERAL

June 2, 2022

The Honorable Maggie Toulouse Oliver
Secretary of State
325 Don Gaspar, Suite 300
Santa Fe, New Mexico 87501

Re:     Secured Containers for Mailed Ballots

Dear Secretary Toulouse Oliver:

You have requested an opinion regarding a county's obligation to provide secured containers for mailed ballots under Section 1-6-9 of the Absent Voter Act, NMSA 1978, ch. 1, art. 6 (1969, as amended through 2019).  In particular, you ask:

1.      Does Section 1-6-9(E) require all counties to make available secured containers for voters to return their mailed ballots?

2.      Is the rule adopted by the Secretary of State ("SOS") requiring each county to make available "a minimum of two secured containers" permissible?

As discussed below, based on our examination of the applicable constitutional, statutory and case law authority, as well as the information provided in the request, we conclude that: (1) Section 1-6-9(E) obligates all counties to make secured containers available to receive mailed ballots, and (2) the SOS's rule requiring each county to maintain a minimum of two secured containers appears to be reasonable and within her statutory authority.

1.      <u>County Clerks' Responsibility for Providing Secured Containers</u>

The Absent Voter Act was amended, along with the Election Code and other statutes related to elections, during the 2019 legislative session.  *See* 2019 N.M. Laws, ch. 212.  As a result of the amendments, any person who votes in an election covered by the Election Code may vote absentee, i.e., "fill out and return a ballot at a place and time other than a polling location on the day of the election." NMSA 1978, §§ 1-6-1.1(A); 1-6-3.

TOLL FREE 1-844-255-9210 TELEPHONE: (505)490-4060  FAX: (505)490-4883  www.nmag.gov
MAILING ADDRESS: P.O. DRAWER 1508 - SANTA FE, NEW MEXICO 87504-1508
STREET ADDRESS: 408 GALISTEO STREET - SANTA FE, NEW MEXICO 87501

EXHIBIT 2

Secretary of State Maggie Toulouse Oliver
June 2, 2022
Page 2

Section 1-6-9(A) of the Absent Voter Act provides that, after a voter has followed the specified procedures for voting with a mailed ballot, the voter is required to "return the official mailing envelope containing the voted ballot to the county clerk of the voter's county of residence." Prior to the 2019 amendments, a voter was required to "mail or deliver" the official mailing envelope to the appropriate county clerk. *See* NMSA 1978, § 1-6-9 (2015). The current provisions give voters additional options for returning their mailed ballots. Specifically:

    B.    The official mailing envelope may be returned by mail ….

    C.    The official mailing envelope may be returned using a commercial delivery service ….

    D.    The official mailing envelope may be returned in person to the office of the county clerk or to an alternate voting location, mobile alternate voting location or election day voting location.

    E.    The official mailing envelope may be returned by depositing the official mailing envelope in a secured container made available by the county clerk to receive voted mailed ballots for that election; provided that:

        (1)    the location of the containers and the days and times the containers will be available to receive ballots are posted by the county clerk at least ninety days before a statewide election or forty-two days before a special election;

        (2)    the location of a secured container is considered a polling place for purposes of electioneering too close to the polling place …;

        (3)    all secured containers shall be monitored by video surveillance cameras and the video recorded by that system shall be retained by the county clerk as a record related to voting …;

        (4)    signage at the location of a secured container shall inform voters and those dropping off ballots at the location:

            (a)    that it is a violation of law for any person who is not an immediate family member to collect and deliver a ballot for another person;

            (b)    that electioneering is prohibited within one hundred feet of the secured container; and

            (c)    of the dates and approximate time the ballots will be collected; and

        (5)    at least once a day, the county clerk or a full-time deputy county clerk shall collect the ballots from the secured containers, register the date and time stamp on each official mailing envelope and identify the location of the secured container in the ballot register.

NMSA 1978, § 1-6-9 (2019).

When interpreting a statute, a court first looks to its plain language to determine the intent of the legislature. *State v. Adams*, 2022-NMSC-008, ¶ 10, 503 P.3d 1130. Unless an ambiguity exists, the court "must adhere to the plain meaning of the language." *State v. Maestas*, 2007-NMSC-001, ¶ 14, 149 P.3d 933. "A statute is ambiguous when it can be understood by reasonably well-informed persons in two or more different senses." *State v. Elmquist*, 1992-NMCA-119, ¶ 5, 844 P.2d 131. Courts do not rely on the literal meaning of a statute "when such an application would be absurd, unreasonable, or otherwise inappropriate. *State v. Rivera*, 2004-NMSC-001, ¶ 13, 82 P.3d 939. When language used in a statutory provision is doubtful or ambiguous, courts "read the provision[] … 'in the context of the statute as a whole,' including its purposes and consequences." *Grisham v. Romero*, 2021-NMSC-009, ¶ 23, 483 P.3d 545 (citation omitted).

Looking at Section 1-6-9 as a whole, the evident purpose of Subsections (B) through (E) is to provide all voters who use a mailed ballot several alternative means for returning the ballot to county clerk. That purpose is supported by the words, "The official mailing envelope *may* be returned" at the beginning of each subsection (emphasis added). The only reasonable interpretation of those words in this context is that the legislature intended to provide voters with a choice of four methods for returning their mailed ballots. *See* NMSA 1978, § 12-2A-4(B) (the term "may" in a statute "confers a power, authority, privilege or right").

Subsection (E) gives a voter the option of returning the mailed ballot by depositing it in "a secured container made available by the county clerk." This option necessarily requires a county clerk to provide a secured container. An interpretation leaving the provision of a secured container to the discretion of the county clerk would eliminate the option for returning mailed ballots in Subsection (E) for some voters, contrary to the legislature's intent.

Our conclusion that counties are required to make secured containers available is not affected by Subsection (E)'s use of the term "provided that" before the list of requirements for secured containers. While the term "provided that" can be used in drafting legislation or contracts to denote a condition, *see, e.g., Jacobsen v. Katzer*, 535 F.3d 1373, 1381 (Fed. Cir. 2008), it can also supply "an exception or addition." Black's Law Dictionary 1481 (11th ed. 2019) (definition of "proviso"). *See also* Bryan A. Garner, *Ax these terms from your legal writing*, American Bar Journal (Apr. 2014) (available online at abajournal.com) ("[e]xperts in legal drafting have long agreed that [the phrase "provided that"] is the bane of legal drafting" because, among other things, "its meaning is unclear – it can mean if, except or also …"); Joseph Kimble, *Down with Provided That*, 83 Michigan Bar Journal 40 (July 2004) (citing publications on legal drafting that discuss the use of "provided that").

The five paragraphs following the term "provided that" in Subsection (E) describe a county clerk's responsibilities related to the secured containers, such as posting their locations, retaining video recorded by video surveillance systems, and collecting ballots from the secured containers (¶¶ 1, 3, 5); impose requirements for signs at the locations of secured containers (¶ 4); and define a secured container as a polling place for purposes of the Election Code's restrictions on electioneering (¶ 2). The five paragraphs describe the legal requirements applicable to secured

containers. They cannot readily be interpreted as conditions to a county's obligation to provide secured containers under Section 1-6-9(E). Not only would that interpretation be strained, it would be contrary to the legislature's intent, as discussed above. In our view, the only reasonable interpretation is that, rather than denoting a condition, the phrase "provided that" in Subsection (E) is intended to mean "also" or an additional provision that sets out the legal requirements related to the secured containers.

2.    SOS Rule Requiring a Minimum of Two Secured Containers

The Election Code obligates the SOS to "make rules pursuant to the provisions of, and necessary to carry out the purposes of, the Election Code …." NMSA 1978, § 1-2-1(B)(2) (2017). Under this authority, the SOS adopted a rule intended to "provide clear guidance and uniform standards in the application, operation, and interpretation of the law related to secured containers and mailed ballot delivery …." 1.10.19.6 NMAC. In pertinent part, the rule provides:

> To meet the requirement of Subsection E of Section 1-6-9 NMSA 1978, which provides that all voters have the option to use a secured container to return official mailing envelopes, county clerks shall provide one ballot box per 25,000 registered voters in the county with a minimum of two secured containers required per county. County clerks may request a waiver from the secretary of state to the minimum requirement set by the formula with consideration given for special geographic or security constraints.

1.10.19.8(A) NMAC. The terms "ballot box" and "secured container" appear to be used interchangeably in the provision.

In "our modern, regulatory state," it is common for the legislature to delegate the implementation of a law to an administrative agency or officer, such as the SOS. *Unite NM v. Oliver,* 2019-NMSC-009, ¶ 8, 438 P.3d 343. An agency's rules "are presumed valid and will be upheld if reasonably consistent with the statutes that they implement." *Wilcox v. New Mexico Bd. of Acupuncture & Oriental Medicine*, 2012-NMCA-106, ¶ 7, 288 P.3d 902. Actions by the SOS to implement the Election Code are closely analyzed by the courts to ensure that "the right of New Mexico citizens to vote for the candidate of their choice" is protected. *Morper v. Oliver*, 2020-NMSC-012, ¶ 11, 470 P.3d 245 (citation omitted) (holding that the SOS's power to approve the forms and procedures for elections under Section 1-2-1(C) did not authorize her to invalidate nominating petitions that met the Election Code's requirements).

For several reasons, we believe Rule 1.10.19.8(A) is a reasonable exercise of the SOS's authority under Section 1-2-1(B)(2) to make rules necessary to implement the Election Code. First, Section 1-6-9(E) of the Absent Voting Act contemplates that a county clerk may be responsible for making multiple "secured containers" available, *see* NMSA 1978, § 1-6-9(E)(1), (3), (5), but does not provide guidance for determining the appropriate number of containers for a particular county. The rule's requirements for a minimum of two secured containers per county is intended to give voters in each county adequate access to a secured container for returning their mailed ballots, consistent with the letter and intent of Subsection (E). Second, the rule is not absolute. It allows a county clerk to request a waiver from the minimum requirement for secured containers. Finally,

the rule "carr[ies] out" the purposes of Section 1-6-9 to facilitate the use of mailed ballots and, in turn, the exercise by New Mexico citizens of their right "to vote for the candidate of their choice."

Please be advised that our response to your opinion request is a public document and is not protected by attorney-client privilege. If this office may be of further assistance, or if you have any questions regarding this opinion, please let us know.

Sincerely,

Sally Malavé
Director, Open Government Division

TOLL FREE 1-844-255-9210 TELEPHONE: (505)490-4060 FAX: (505)490-4883 www.nmag.gov
MAILING ADDRESS: P.O. DRAWER 1508 - SANTA FE, NEW MEXICO 87504-1508
STREET ADDRESS: 408 GALISTEO STREET - SANTA FE, NEW MEXICO 87501

# COUNTY OF OTERO, NEW MEXICO
# SPECIAL MEETING AGENDA

County Administration Building
1101 New York Avenue, Room 123
Monday, June 13, 2022 - 9:00 AM

**Commission Chairman: Vickie Marquardt, District 3**
**Commission Vice-Chairman: Gerald Matherly, District 1**
**Commission Member: Couy Griffin, District 2**

**CALL TO ORDER & ROLL CALL**

## APPROVAL OF AGENDA

### New Business:
1. Request approval to Certify the Canvass of the 2022 Primary Election.
   Submitted by: Robyn Holmes, County Clerk

**ADJOURNMENT**

EXHIBIT 3

Filed
Supreme Court of New Mexico
6/15/2022 2:37 PM
Office of the Clerk

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

June 15, 2022

NO. S-1-SC-39426

**MAGGIE TOULOUSE OLIVER,**
in her official capacity as Secretary of State
of the State of New Mexico,

    Petitioner,

v.

**THE OTERO COUNTY COMMISSION,**

    Respondent.

## ORDER

WHEREAS, this matter came before the Court for consideration on Petitioner Maggie Toulouse Oliver's Emergency Verified Petition for Writ of Mandamus to Compel Certification of Election Results, and the Court having considered the foregoing and being sufficiently advised, Chief Justice C. Shannon Bacon, Justice Michael E. Vigil, and Justice David K. Thomson concurring; and Justice Julie J. Vargas and Justice Briana H. Zamora recusing;

WHEREAS, Rule 12-504(C)(1) NMRA provides that the "Court may act on a petition prior to the filing of a response";

NOW, THEREFORE, IT IS ORDERED that the petition is GRANTED and a writ of mandamus shall issue directing Respondent The Otero County Commission to comply with the requirements set forth in NMSA 1978, Section 1-

EXHIBIT 4

1  13-13(A) (2019). Specifically, Respondent shall "meet to approve the report of the

2  canvass of the returns and declare the results" of the 2022 primary election no later

3  than **June 17, 2022**; and

4        IT IS FURTHER ORDERED that Respondent shall comply with all

5  nondiscretionary duties set forth in Section 1-13-13(B) necessary to permit the

6  Secretary of State to fulfill her obligations under Section 1-13-13(C).

7        IT IS SO ORDERED.



WITNESS, the Honorable C. Shannon Bacon, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 15th day of June, 2022.

Elizabeth A. Garcia, Clerk of Court
Supreme Court of New Mexico

By_____
                 Chief Clerk

I CERTIFY AND ATTEST:
A true copy was served on all parties
or their counsel of record on date filed.
Elizabeth A. Garcia
Chief Clerk of the Supreme Court
of the State of New Mexico

1  IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

2  June 15, 2022

3  NO. S-1-SC-39426

4  MAGGIE TOULOUSE OLIVER,
5  in her official capacity as Secretary of State
6  of the State of New Mexico,
7
8       Petitioner,
9  v.
10
11 THE OTERO COUNTY COMMISSION,
12
13      Respondent.
14

15

16              **WRIT OF MANDAMUS**

17 TO:   Otero County Commission
18       c/of RB Nichols
19       1101 New York Ave
20       Alamogordo, NM 88310
21

22 GREETINGS:

23      WHEREAS, a petition for writ of mandamus having been granted by this

24 Court on June 15, 2022, and the Court being sufficiently informed and good cause

25 appearing for the issuance of a writ of mandamus;

26

1   NOW, THEREFORE, you, The Otero County Commission, are ordered to
2   comply with the requirements set forth in NMSA 1978, Section 1-13-13(A) (2019).
3   Specifically, The Otero County Commission shall "meet to approve the report of the
4   canvass of the returns and declare the results" of the 2022 primary election no later
5   than **June 17, 2022**.
6   NOW, THEREFORE, you, The Otero County Commission, shall comply with
7   all nondiscretionary duties set forth in Section 1-13-13(B) necessary to permit the
8   Secretary of State to fulfill her obligations under Section 1-13-13(C).
9   IT IS SO ORDERED.

10  WITNESS, the Honorable C. Shannon Bacon, Chief
11  Justice of the Supreme Court of the State of New Mexico,
12  and the seal of said Court this 15th day of June, 2022.

13  (SEAL)
14  Elizabeth A. Garcia, Chief Clerk of the Supreme Court
15  of the State of New Mexico

I CERTIFY AND ATTEST:
A true copy was served on all parties
or their counsel of record on date filed.
Elizabeth A. Garcia
Chief Clerk of the Supreme Court
of the State of New Mexico